### PHILLIPS *vs.* BASS *et al.*

After a homestead has been set apart to a bankrupt without objection, and approved, it passes out of the jurisdiction of the bankrupt court, and if there are claims against it superior to the exemption, they must be enforced against the bankrupt in a court of competent jurisdiction, and not against the assignee by petition to the bankrupt court.

Bankrupt.   Homestead.   Jurisdiction.   Before Judge
CRISP.   Sumter Superior Court.   April Term, 1879.

Reported in the decision.

HAWKINS & HAWKINS, for plaintiff in error.

ALLEN FORT; GUERRY & SON; E. G. SIMMONS, for
defendants.

CRAWFORD, Justice.

The defendant in error, Bass, was adjudicated a bank-
rupt, December 6th, 1873.   Calloway, his assignee, set
apart to him a homestead, which includes the land in
controversy, September 11th, 1874.
· Bass—his wife joining in the deed—sold this *now* dis-
puted land to Phillips, January 8th, 1875, and took his
notes, with mortgage on the land, to secure the payment.
This suit is to foreclose the mortgage, and to get a judg-
ment on the notes.   Phillips sets up, by way of defense,
the sale of the land under an order and decree of the dis-
trict court of January 15th, 1877, to pay off a lien creditor
for material furnished and used on the land.   Bass replies
that the court had no jurisdiction of the subject matter,
the same being his homestead, nor of the person of the
bankrupt, he never having been notified of the petition to
sell, and therefore the said order was void.

Upon this state of facts, and about which the parties
agreed, the court below held that the district court had
no jurisdiction to pass the order for the sale of any part
of the homestead land, and that the said sale was void,
and gave judgment on the notes sued, and granted a rule
absolute foreclosing the mortgage.

The question, therefore, presented here is, whether that
judgment was right.

This land being a portion of the homestead exemption
set apart to Bass, the bankrupt, in September, 1874, by

the assignee, and no exceptions filed thereto, the assignee thereafter in no sense represented the same, nor was in in anywise concerned therewith. Bump on Bank., 161.

Had exceptions been filed as the law provides, or a petition by a lien creditor to subject it to the payment of a debt from which it was not exempt before it was finally set apart, we have no question but that the exemption would have been granted subject thereto, and the same might have been enforced, though the adjudications as to this latter proposition are by no means uniform.

In this case neither was done—the property was without objection from any quarter set apart to the bankrupt; two years thereafter an order was taken, reciting that a rule *nisi* having been served on *the assignee* to show cause why "part of the property set apart to bankrupt for homestead exemption" should not be sold, and he having shown no cause, the same was ordered to be sold.

In the case of *in re* Miles Bass, bankrupt, Vol, 15, 453, Bank. Reg., Justice Bradley says:

" The assignee applied for an order to sell the property in question, notwithstanding the homestead right; the district judge refused so to order upon the ground taken by the district court of this and other districts, that the same is excepted by the 14th section of the bankrupt act, and is not subject to the jurisdiction of the bankrupt court, but must be pursued by those who have claims against it in the proper state tribunals. I think the position taken by the district judge is correct. . . . . . . If the creditor has a claim against it he must prosecute that claim in a court which has jurisdiction over the property which the bankrupt court has not." After referring to what equities might arise between creditors, some of whom might have a lien on the homestead, and others not, he concludes by saying: " But even where the right to marshaling existed, the bankrupt court could not assume jurisdiction of the exempted property and order it sold, but would require the favored creditor to pursue his

remedy against such property in a forum that could lawfully reach it."

A labored and careful research into all the adjudicated cases, as well as a due consideration of the act itself, brings us to the conclusion that, *after the exemption to the bankrupt has been made and approved,* that the property in contemplation of law, and by the provisions of the bankrupt act, remains with the bankrupt. Whatsoever of legal incumbrances may attach to it are not removed from it if they override the exemption. But such cannot be enforced in the bankrupt court, because that court, not having it in possession or under its control, would have to set aside the action of the assignee and bring the property within its jurisdiction before it could enforce the incumbrance. Liens upon the homestead exemption which are superior thereto, and which are so declared, leave what remains therein after they are discharged to the bankrupt, but these liens, after the exemption has been made, must be enforced in the courts having jurisdiction of the subject matter.

The judgment, therefore, of the court below, in so far as the same went, *between the parties before him,* was right, and is hereby affirmed.

Judgment affirmed.