LAWTON & WILLINGHAM *et al.*, plaintiffs in error, *vs.* MAR-
THA E. FISH, executrix, defendant in error.

1. When legatees take the individual note of the executor, secured by mortgage on his individual property, in discharge of their legacies and receipted him therefor, as executor, the debts lose their fiduciary character.

2. As the evidence authorized the master to find that the policy of insurance in controversy, was the property of the widow and not the property of the estate, the decision of the chancellor, to whom the issues formed upon the exceptions to the report of the master were submitted without the intervention of a jury, will not be interfered with.

3. Where the testator died in the month of February, 1871, after he had employed hands and made all the necessary arrangements for running his plantation, and the executrix continued the business for the balance of the year, without an order from the court of ordinary, at a loss of $2,700 00, the chancellor committed no error in sustaining the report of the master allowing her a credit to that amount.

Administrators and executors. Legacies. Distribution. Debtor and creditor. Before Judge CLARK. Macon county. At Chambers. November 21st, 1873.

This case is fully reported in the decision, with the following statement:

The third exception was that the master decided that the policy of insurance for $5,000 00 was not a part of the estate of G. W. Fish. The report upon this point was as follows:

"Mr. Fish was killed February 28th, 1871, and left his widow, the complainant in this bill, his executrix. His life was insured in the Cotton States Life Insurance Company for $5,000 00. This policy was made payable to his executors and administrators. Mrs. Fish filed a bill, not as executrix, but in her individual capacity, alleging that the policy should

have been made payable to her, for herself and children, and was made payable to the administrators and executors of Mr. Fish by mistake. The creditors of Mr. Fish were not made parties to the bill. The creditors now ask that the decree rendered on this bill in Bibb Superior Court, reforming the policy and making the said policy payable to Mrs. Fish, should be set aside, and the amount of $5,000 00 be declared assets in the hands of Mrs. Fish, as executrix. I do not think that sufficient proof has been offered to authorize this to be done. Indeed, the interrogatories of Mr. Obear, produced by the creditors, show that a mistake was made in issuing the policy, by the officers of the company, and should, in accordance with the application originally made, have been made payable to Mrs. Fish, and I cannot presume that the decree would have been rendered without sufficient testimony, and I therefore refuse in this, my report, to make or consider the $5,000 00 arising from the policy, assets to be distributed."

W. A. HAWKINS; COOK & CRISP, for plaintiffs in error.

POE, HALL & LOFTON, for defendant.

WARNER, Chief Justice.

This was a bill filed to marshal the assets of the estate of G. W. Fish, deceased, by the executrix of his last will and testament, Martha E. Fish. At the May term, 1872, of Macon superior court, an order was taken referring the matters embraced in the aforesaid bill to N. A. Smith, master in chancery, with power to hear and determine all questions of law and fact, with the right of all parties to amend their pleadings, establish their claims, and to make a report at the next term of the court. The master, after hearing the evidence offered by the respective claimants to the fund belonging to the estate and considering the same, made his report to the court, when it was agreed that the parties should have thirty days to except to the master's report, and that the presiding judge should decide upon the report and exceptions thereto,

embracing all questions of law and fact, without the intervention of a jury.   Lawton & Willingham *et al.* excepted to the master's report: First, because the master refused to allow the claim of Lawton & Willingham, who claimed to have paid two of the legatees of William Fish, the father of G. W. Fish, their shares of William Fish's estate, and that G. W. Fish being the executor of his father, his estate was chargeable with the payment of the debt due the legatees thereof as a trust debt, and that they were entitled to be subrogated to the rights of the legatees of William Fish ; second, because the master decided that the widow of G. W. Fish was entitled to dower in the Montfort lands ; third, because the master decided that the policy of insurance for $5,000 00 was not a part of G. W. Fish's estate ; fourth, because the master decided that the executrix was entitled to a credit of $2,700 00 for losses in carrying on the plantation for the balance of the year after testator's death, as a part of the expenses of administration ; fifth, in allowing the executrix $1,000 00 for counsel fees in the management of the business of the estate.   The executrix also excepted to the master's report because he charged the amount awarded to her, with eighteen per cent., as her share of the expenses of administration.   The court, after considering the exceptions, confirmed the master's report, and the contestants excepted.

1. It appears from the evidence in the record had before the master, that G. W. Fish, as the executor of his father, William Fish, had in his hands the legacies due to D. A. Fish, and Williams, in right of his wife, that they had a settlement with G. W. Fish, as executor of William Fish, and took from him his individual notes for the amount due them, secured by a mortgage on his individual property, they receipting him for the amount due them as executor.   Afterwards G. W. Fish sold the lands mortgaged to Lawton & Willingham, who, to protect their title, were compelled to pay off the mortgage to Fish and Williams, amounting to the sum of $3,500 00, and claimed that this was a trust debt due by G. W. Fish, as executor of his father, to D. A. Fish

and Williams, and that they having paid it were entitled to be subrogated to their rights against the estate of G. W. Fish. If the debt due by G. W. Fish to D. A. Fish and Williams was not a trust debt, then Lawton & Willingham occupy no better position in respect to its priority of payment than they would have done. Was the debt due by G. W. Fish to D. A. Fish and Williams a trust debt due by him, as executor, or had it lost its fiduciary character and become the individual debt of G. W. Fish? In our judgment, when D. A. Fish and Williams took the individual notes of G. W. Fish, secured by a mortgage on his individual property, in discharge of the debt due by him, as executor, and receipted him therefor, as executor, the debt lost its fiduciary character and became the individual debt of G. W. Fish, and there was no error in overruling this exception to the master's report: *Lattimer vs. Sayre,* 45 *Georgia Reports,* 468; *Coleman vs. Davis, Ibid.,* 489.

2. In relation to the widow's right to dower in the Montfort land, the question does not appear to have been directly decided by the master in his report, and we express no opinion in relation to it, as it was not seriously urged on the argument. The evidence in relation to the policy of insurance was admitted before the master without objection; indeed, it was offered by the plaintiffs in error, and from that evidence the master was authorized to find and decide that the policy was the property of the widow and not the property of the estate for distribution.

3. As to the master allowing the executrix a credit of $2,700 00 for losses sustained in carrying on the plantation, the undisputed facts are, that the testator died on the 28th of February, 1871, after he had employed hands and made all the necessary arrangements for running the plantation for that year, and she, as executrix, continued the business for the balance of that year. It is not disputed that the loss amounted to the sum claimed, nor is it pretended that the loss was occasioned by the misconduct or mismanagement of the executrix, but from causes beyond her control. But it is insisted that

Lawton & Willingham *et al. vs.* Fish.

because she carried on the business of the plantation for the balance of the year, under the circumstances as before stated, as executrix, without an order from the ordinary, that she is not entitled to any credit for the losses actually sustained. The executrix did not commence the planting business for that year, as executrix, but it was commenced by her testator, and was in progress at the time of his death, and upon her qualification she continued it for the balance of the year, as any prudent, discreet person would have done, for the protection of the interest of the estate. If the seasons had been propitious, and a good crop had been made, the estate would have received the benefit thereof; but as a different result happened, without the fault of the executrix, she ought not to be made chargeable with the loss sustained, on the statement of facts disclosed in the record. We think the allowance of $1,000 00 for counsel fees was too much, but we cannot say that it was so grossly extravagant, under the evidence before the master, as will authorize this court to interfere and control it under the previous rulings of this court in similar cases. Executors, administrators, and other trustees, in making contracts for counsel fees for the benefit of the estates they represent, should exercise the same care and prudence as an ordinarily prudent and careful man would exercise in making similar contracts for the benefit of his individual interest; and when no contract is made the attorney is only entitled to recover for the services *actually rendered.* In regard to the exception filed by the executrix to the master's report, we express no opinion, inasmuch as her counsel are content to abide the judgment of the court affirming the master's report on the other exceptions taken thereto by the plaintiffs in error, and do not desire a reversal on her exception.

Let the judgment of the court below be affirmed.