## McLendon *vs.* Turner.

1. Where a perpetual injunction against the enforcement of an execution was proper on a final decree, a temporary restraining order, pending the litigation, to protect property levied on, was not improper,
2. Property acquired by the bankrupt since his adjudication, is not subject to a judgment rendered before, even though it may never have been proven in the bankrupt court.

Injunction. Judgment. Bankrupt. Before Judge. CRISP. Macon Superior Court. May Term, 1880.

Reported in the opinion.

HINTON & MATHEWS; J. W. HAYGOOD; W. H. FISH; W. S. WALLACE, for plaintiff in error.

HALL & SON; J. M. DuPREE, for defendant.

HAWKINS, Justice.

In 1861, J. B. Ross, as surviving partner, obtained a judgment in Macon superior court against Samuel Turner, as principal, and M. W. McLendon, indorser.

In 1868, Turner was adjudged a bankrupt, and discharged in 1870. In 1874, McLendon paid the *fi. fa.*, as indorser, and took control of it to reimburse himself from his principal. In 1879, he caused the *fi. fa.* to be levied on real estate of Turner, which he had acquired with the use of means received after his adjudication as a bankrupt. The

day before the sale, Turner filed an affidavit of illegality to said *fi. fa.*, upon the ground that his acquisitions after he was declared a bankrupt were not subject to sale under the lien of the judgment obtained in 1861. The sheriff refused, on the day of sale, to accept the illegality, and sold the land, McLendon becoming the purchaser ; whereupon Turner filed his bill on the equity side of the court, alleging the foregoing and also the pendency of a garnishment in the courts, praying an injunction restraining the sheriff and McLendon from dispossessing him under said sale, and also the cancellation of the sheriff's deed. The chancellor granted an injunction at chambers. McLendon, by writ of error, brought the decision granting the injunction to this court, and here, by a dismissal of the cause, the decision of the judge in granting the injunction was affirmed.

At the regular term of Macon superior court the cause was finally tried by the court, without a jury, on agreement of the parties, and a final decree was rendered for the delivering up and cancellation of the sheriff's deed, with a perpetual injunction to protect the possession of Turner. The bill of exceptions now here complains of this decree, and asks its reversal principally upon two grounds—the first, that the complainant had a complete remedy at law, McLendon being solvent and able to respond to all recoverable damages ; also, upon the ground that the property was subject to the lien of the judgment, the same being anterior to the bankrupt law and the adjudication aforesaid.

1. Whether the chancellor exercised a wise discretion in granting the interlocutory injunction is not now before us, and we therefore do not say more than, whether it was wise or not, McLendon has had that question decided by this court in the legal affirmance of the decision of the judge in granting the same. If upon the final trial it was proper to decree the cancellation of the sheriff's deed, it was but a part of the decree to protect the prop-

erty from all interference by the judgment and *fi. fa.*, the foundation of the deed and sale had thereunder.

Therefore a decision of the other question is invoked, and its determination will be a solution of the propriety of the final injunction.

2. It was contended here that the decision of this court in *Bush vs. Lester et al., administrators*, 55 *Ga.*, 579, and the cases there cited, control this case and compel the reversal of the decree rendered below.

It was held there that a judgment lien obtained before 1868, not proved in the bankrupt court, was preserved, and binding on all the property of the bankrupt, and that the act of congress of 1873, amendatory of the bankrupt act of 1867, did not relieve the property from such lien.

In that and all the other cases in our reports, the lien of the judgment was held to be binding on all the property of the bankrupt owned by him at the date of his adjudication.

The owner of the judgment remained without the bankrupt court, waiving all benefits to participate in the distribution of the bankrupt's estate as a creditor, and relying entirely upon the lien of his judgment as impregnable to infringement by either the bankrupt law or state legislation.

These decisions of this court have been made, and whilst we abide the same, and have the highest regard for the pronounced judgments of this court, we are not disposed to extend the principles there announced beyond the class of cases covered by it. No debtor seeks a bankrupt court to provide for future misfortune, indiscretion in business, or to prevent the payment of future indebtedness, but to provide against the financial vortex occasioned by misfortune in the then past.

The case at bar is different; here the judgment creditor seeks not only to bind all the property of the bankrupt held at the time he was so adjudged, but to extend it to all future acquisitions. This is not in accord with

the spirit and object of the system of bankruptcy, not the rest and security the law intended to give the burdened debtor and his helpless family—but in consideration that he would surrender all and every part of his estate to satisfy judgment liens, and all but the exemptions allowed by law, to his general creditors, he should be regarded as *civiliter mortuus,* his debts all discharged and his future earnings preserved to himself and family, free from all liens, mortgages and incumbrances created by contract or law before his adjudication. Accordingly, the lien of this judgment is preserved as against all the property of the bankrupt, including the exemptions. The debt from being one by note has become a debt of record and is discharged, but the inviolability of the lien is preserved upon all the estate and property held at the time of his being declared a bankrupt. But the decisions are uniform, so far as we have been able to find, that the acquisitions of the bankrupt, by means acquired or made after his bankruptcy are free from the existing debts and relieved from all liens, mortgages, etc. See 64 Penn., 84.

Judgment affirmed.