2201. ALBANY & NORTHERN RAILWAY COMPANY *v.* DUNLAP HARDWARE COMPANY.

There was no error in overruling the motion for a new trial upon the issue submitted on the traverse, nor in thereafter sustaining the demurrer to the affidavit of illegality.

DECIDED SEPTEMBER 6, 1910.

Affidavit of illegality; from city court of Sylvester—Judge Williamson. August 23, 1909.

*J. H. Tipton, Maynard & Hooper,* for plaintiff in error.

*Hardeman, Jones & Johnston,* contra.

RUSSELL, J. The Dunlap Hardware Company filed a suit in the city court of Sylvester against Rouse & Williams, and at the same time made affidavit and bond before a justice of the peace of Bibb county, upon which summons of garnishment was issued. Return of the garnishment affidavit and bond was made by J. L. Giddens, as deputy sheriff of Worth county, upon April 24, 1907, to the city court of Sylvester, with the entry that he had served summons of garnishment upon an agent of the railroad company as garnishee. The entry of service of the summons of garnishment was as follows: "Georgia, Worth County. I have this day served summons of garnishment issued on within affidavit and bond, personally, on the Albany & Northern Railway, by handing said summons to Pitts, its agent in charge of its office and place of business in Worth county, Georgia. This 24th day of April, 1907. J. L. Giddens, Dept. Sheriff." No answer was filed by the garnishee in the city court of Sylvester, and after the plaintiff obtained a judgment against the defendants, Rouse & Williams, judgment was duly entered against the garnishee. The judgment against Rouse & Williams was obtained at the August term, 1907, while judgment was entered by default against the garnishee at the September term, 1907, of the city court of Sylvester. Execution issued on the judgment against the garnishee, which was levied on January 8, 1908, upon certain property of the plaintiff in error, and on January 27, 1908, the defendant company filed its affidavit of illegality as follows: "And now comes the defendant, garnishee, the Albany & Northern Railway Company, garnishee, in the above case, and files this, its affidavit and illegality, and says that the execution issued in the above-stated case, at the September term,

1907, of said court, in favor of the plaintiff, the Dunlap Hardware Company, against the Albany & Northern Railway Company, as garnishee, for the sum of $706.98 principal, and $32.75 interest, $30.30 attorney's fees, and $13.50 costs, is proceeding illegally against this defendant for the following reason:     1st. Because this defendant has never been served with any summons of garnishment in the above stated case, nor has it ever acknowledged service upon any such summons, nor has it appeared and plead to any such summons, nor did it have knowledge or notice of any kind of a pendency of such case, or that any garnishment had been issued against it, at the time said judgment was taken; nor did it have any notice of any kind that such judgment was taken until the execution based thereon was, on the 9th day of January, 1908, levied upon certain of its property in the town of Warwick, said county, consisting of its depot, road-bed and right of way, running one half mile each way from depot, which levy was made on the 9th day of January, 1908, by J. H. Jones, deputy sheriff of Worth county, Ga., and notice that day given by the said Jones to the agent of this defendant of said levy, and that the said property would be advertised to be sold on the first Tuesday in February, 1908.     Defendant says that the service of this notice by said deputy sheriff was the first notice of any kind conveyed to it in any manner that there existed such a case or judgment, and therefore it has never had its day in court nor any opportunity to make its answer to such summons of garnishment.     Defendant further says that neither at the time of the issue of said summons nor at any time since then was it indebted in any way to said Rouse & Williams, the said J. M. Rouse, or the said W. O. Williams, nor did it at any time have, nor has at any time since had any money, goods, property or effects at any time, of either of the above parties; and had this defendant been served or had knowledge of the issuance of any summons of garnishment directed to it, it would have made answer as required by law and set up these facts.     2d. That the only entry of service of said summons of garnishment purporting to have been made upon this defendant is as follows: 'Georgia, Worth County.     I have this day served summons of garnishment issued on within affidavit and bond, personally, on the Albany & Northern Railway by handing said summons to Pitts, its agent in charge of its office and place of business in Worth county, Georgia.

This 24th day of April, 1907.    J. L. Giddens, Deputy Sheriff.'
Defendant says that the above entry shows upon its face that no
legal summons of garnishment was served or attempted to be served
upon it, because: (a) The corporate name of this defendant is the
Albany & Northern Railway Company, and by this name alone is
it known and has it power to sue and to be sued.    (b) Because
the entry of service of said summons of garnishment does not al-
lege upon what agent of this defendant it was served, or what
office said Pitts was in charge, only alleging one ————
Pitts, and its office and place of business to be in Worth county,
Georgia, not alleging that that was its only office or place of
business in said county, while in truth defendant has more than
one office and place of business in said county, and at different
points in said county; nor does said entry with sufficient certainty
identify said Pitts, either by name, description or otherwise, nor
does it allege his given name was unknown or could not be ascer-
tained.    3d. Because it does not appear from the face of the record
that any garnishment was issued by any officer authorized to issue
such garnishment and summons."

On November 18, 1908, the issue raised by the first ground of the
affidavit of illegality was submitted, by way of a traverse of the
sheriff's entry of service of summons of garnishment.    The finding
of the jury was against the traverse, the garnishee's motion for a
new trial was overruled, and the judgment of the court in this
regard was brought to this court for review.    *Albany & Northern
Ry. Co.* v. *Dunlap Hardware Company, 6 Ga. App.* 17 (63 S. E.
1124).    This court at that time dismissed the writ of error, as
being prematurely brought, for the reason that the traverse was
really a part of the first ground of the illegality; but we gave the
plaintiff in error permission to file the bill of exceptions as excep-
tions pendente lite.    A considerable portion of the brief of the
counsel for the defendant in error in the present case is addressed
to the right of this court to order the bill of exceptions to be filed
as exceptions pendente lite.    We pretermit any discussion of this
question at this time, because it is immaterial to the conclusion
in the case.    If the exceptions pendente lite were not filed in time,
the judgment of the city court of Sylvester is final and can not be
reversed.    If the former writ of error was properly filed as excep-
tions pendente lite, then we find no error in the judgment of the

trial judge in overruling the motion for a new trial upon the traverse.

Upon an examination of the exceptions pendente lite we find that the motion for a new trial, which was overruled, assigns error upon five grounds in addition to the general grounds that the verdict is contrary to the evidence, etc. The first of these grounds is, that the court erred in sustaining the objection of the plaintiff's counsel to the introduction of the charter of the defendant company, because the entry of the deputy sheriff as to the service of summons of garnishment designated the party served as "Albany & Northern Railway," when, in fact, the name of the company is Albany & Northern Railway Company, and the charter would show this fact. We are of the opinion that the two names are idem sonans, and even if a plea of misnomer had been filed and the evidence then excluded, the error would not be so material as to warrant a new trial.

In the second special ground of the motion for a new trial it is complained that the court erred in overruling the movant's objections to the introduction of the affidavit and bond for garnishment; that the affidavit and bond appear to have been made before a justice of the peace in Bibb county, Georgia, and that under the act creating the city court of Sylvester, "the justice of the peace in Bibb county, nor any other county, has the right to return a summons of garnishment or a process to the city court of Sylvester." Perhaps the statement of this ground of the motion, as made, is true, but if the point sought to be raised, as we apprehend, is that the justice of the peace in Bibb county could not issue a summons of garnishment as was done in this case, and the same be served and returned by a proper officer in Worth county, then the contention of the movant is without merit. The act creating the city court of Sylvester expressly provides that the court may have jurisdiction of the summons of garnishment.

The third ground of the motion for a new trial complains of the admission of the evidence of a witness, Harris, to the effect that Pitts, an employee of the Albany & Northern Railway Company, came to him with some papers and stated that these papers, which he called "garnishee papers," had been served on him, and he did not know what to do with them. We think this evidence was properly admitted by the court. If the witness saw the papers in

Pitts' possession, as he testified he did, this was a substantive fact. Pitts' own evidence in the case demonstrates that he was an agent of the company in Worth county upon whom service upon the company might be perfected, and the statement made by him seems to us admissible not only as a part of the res. gestæ of the physical fact of showing the papers to Harris, but also upon the ground that the admission was made dum fervet opus, because they were still in his hands and the duty was still upon Pitts of taking some action in regard to them in behalf of his principal.

Upon the return of the case to the city court of Sylvester, the trial judge finally disposed of the case, sustaining demurrers to the affidavit of illegality; and exception is taken to this judgment. Having approved of the judgment overruling the motion for a new trial upon the traverse, we come to consider whether the judge erred in dismissing the affidavit of illegality as insufficient. In addition to the grounds of illegality, which we have quoted above, the garnishee amended by setting up the fact that Rouse & Williams were adjudicated bankrupts on November 1, 1907, and insisted that by reason of that fact, the judgment entered against the garnishee on October 12, 1907, was void. Also, that the summons of garnishment was void because the justice of the peace in Bibb county has no right to issue a summons of garnishment and make the same returnable to the city court of Sylvester. The latter ground of the affidavit of illegality is but a clearer statement of one of the original grounds to which we have already adverted. The first ground of illegality was practically disposed of by the finding of the jury upon the traverse, adversely to the garnishee; and for that reason the garnishee was not harmed by sustaining the demurrer thereto, which was of itself good, because the affidavit did not set up that there had been a traverse of the officer's return, or that he had been made a party to the proceeding. The same reason applies to the second ground of the original affidavit of illegality, in so far as the entry of service is concerned. As to that portion of the affidavit which related to the corporate name of the garnishee, the omission of the word "company" was at best but a misnomer and amendable. The entry of service showing that Pitts was an agent in charge of a place of business in Worth county rendered worthless that portion of the affidavit in which it was insisted that he should be more specifically designated. The service was good

if it was effected on any agent of the garnishee within the juris-diction of the city court of Sylvester,—that is, one agent who was the proper person to be served in Worth county was just as good as any other through whom service might be properly effected. As we have already stated, there can be no question that a justice of the peace in Bibb county could take the affidavit and bond, and issue the summons of garnishment, which might thereafter be served by any proper officer in the county of Worth. As the case was pending in the city court of Sylvester, the deputy sheriff of Worth county was such a proper officer.

There is no merit in the ground of the affidavit of illegality which attempts to set up the adjudication of Rouse & Williams as bankrupts. In the first place, there is no statement in the affidavit to show any action taken by the bankruptcy court with reference to the suit brought by the Dunlap Hardware Company against Rouse & & Williams, or as to the garnishment sued out, or that there was in fact any liability at all on the part of the Albany & Northern Railway Company to the bankrupts, Rouse & Williams. But even if the affidavit had contained statements to this effect, the garnishment was served April 24, 1907, and from that time the Dunlap Hard-ware Company had an inchoate lien on whatever amount the Al-bany Northern Railway Company might be indebted to Rouse & Williams, or on any property of Rouse & Williams that might be in possession of the railway company. The petition in bankruptcy was not filed until October 12, 1907, and the adjudication was had on November 1, 1907. The bankruptcy could not relieve the gar-nishee from the judgment rendered against it. In re Maher, 169 Fed. 997 (decided by Judge Newman), "more than four months prior to the filing of a bankrupt's petition, claimant sued the bank-rupt on an open account and garnished certain debtors of the bankrupt, who held sufficient funds to cover any judgment that might be rendered in the main suit. The bankrupt gave a bond dissolving the garnishment, depositing with the sureties $1,000 to secure them against loss. Held, that claimant acquired a lien as against the garnishees, under the express provision of Laws Ga. 1901, p. 55." The trustee in bankruptcy, if any one, could alone raise the point which the affidavit of illegality in this case seeks to present, or, as we held in *National Surety Co.* v. *Medlock, 2 Ga. App.* 665 (58 S. E. 1131), the effect of § 67(f) of the national

bankruptcy act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him, in order that the property may pass to and be distributed among the creditors of the bankrupt. *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433).

In our judgment, the demurrer to the affidavit of illegality was properly sustained.                    *Judgment affirmed.*