14630, 14688.   WHITE *et al.* v. MORRIS FERTILIZER COMPANY; and *vice versa.*

</div>

STEPHENS, J. 1. Where goods are placed on consignment by the owner with his agent, to be sold by the agent to customers for the owner's benefit at prices fixed in the contract of consignment, and the goods are "disposed of" by the agent and the "proceeds" of the goods are used by the agent in his business and lost, without the knowledge or consent of the owner, this does not constitute a wilful and malicious injury to the property, and the liability of the agent to the owner, arising therefrom, is not exempt from discharge in bankruptcy under exception 2 of § 17 a of the bankruptcy act of 1898 as amended. See 1 Collier on Bankruptcy (13th ed.), 636.

2. The agent's relationship to the principal, not being that of a trustee arising out of an express trust, but being that of a fiduciary relationship implied from a contract, which was one of bailment, the agent is not acting in such a fiduciary capacity as would exempt his liability from discharge in bankruptcy under exception 4 of § 17 a of the bankruptcy act.

3. There is no evidence whatsoever that the property was obtained by the

agent by virtue of any false pretense or false representation, and therefore the liability is not exempt from discharge in bankruptcy on account of fraud under exception 2 of § 17 a of the bankruptcy act.

4. The suit being upon a promissory note given for the purchase price of the goods consigned, in which the defendant filed a plea of dis° charge in bankruptcy, a judgment sustaining the plea was demanded and the judgment for the plaintiff was without evidence to support it. See, in this connection, 7 C. J. 398; 42 L. R. A. (N. S.) 1093; *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (79 S. E. 576) ; *Moody* v. *Muscogee Mfg. Co.*, 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301) ; *Walker* v. *Capital City Gro. Co.*, 28 *Ga. App.* 531 (112 S. E. 157).

5. The suit being upon promissory notes, and therefore an action ex contractu, and not a tort action for a wilful and malicious injury to property, is it such a claim as is exempt from discharge in bankruptcy under exception 2 of section 17 a of the bankrupt act of 1898 as amended?

6. Also, did not acceptance by the creditor of a note in payment of the goods change the nature of any fiduciary relationship, if any existed, prior to the acceptance of the note, and create the relationship of ordinary debtor and creditor, and a debt dischargeable in bankruptcy? See *Coleman* v. *Davies*, 45 *Ga.* ·490; *Lawton* v. *Fish*, 51 *Ga.* 647 (1) ; 42 L. R. A. (N. S.) 1093, note.

*Judgment reversed on the main bill of exceptions; cross-bill affirmed. Bell, J., concurs. Jenkins, P. J., dissents on main bill, and concurs on cross-bill.*

DECIDED FEBRUARY 29, 1924.

Complaint; from Madison superior court—Judge W. L. Hodges. April 28, 1923.

Application for certiorari was denied by the Supreme Court.

*Gordon & Gordon, Horace & Frank Holden,* for plaintiffs in error. *Z. B. Rogers, J. L. Mayson,* contra.

JENKINS, P. J., dissenting. Upon the essential question involved in the main bill of exceptions I respectfully differ with my colleagues. Section 17 a (2) of the bankruptcy act as amended provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . are liabilities . . for wilful and malicious injuries to the . . property of another." "In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained. . . Malice, in common acceptation, means ill will against a person, but in its legal sense it means a wrongful act, done intentionally, without just cause or excuse." Tinker *v.* Colwell, 193 U. S. 473, 485, 486. · Whatever the earlier diver-

sity of view, the question seems now settled by the rulings in *Coving-ton* v. *Rosenbusch*, 148 *Ga.* 459, and in McIntyre v. Kavanaugh, 242 U. S. 138. In those cases it was held that one who, without authority of the owner, deliberately converts to his own use the property of another "is guilty of a wilful and malicious injury to property, within the meaning of the bankrupt act, sec. 17 (2) as amended . . , and consequently his liability is not released by a discharge in bankruptcy." In the instant case it was admitted in the agreed statement of facts that the fertilizer for which the note sued on was given was delivered under an express written consignment contract, by which the defendants as agents were to deliver back unsold material, the proceeds of the property sold, and all evidences of debt therefor, the title to all of which remained in the plaintiff; that the defendants disposed of all of this property and returned nothing to the plaintiffs, but that the proceeds were "used in the defendants' business and lost and without the permission or consent of plaintiffs." This was not a mere technical conversion, such as was controlling in *Walker* v. *Capital City Grocery Co.*, 28 *Ga. App.* 531, but was a conversion such as falls within the statute. In my opinion the trial court properly ruled, under this provision of the bankrupt act, that the bankrupt's discharge was ineffective.