23259. SHABAZ *v.* HENN.

DECIDED JANUARY 31, 1934. REHEARING DENIED FEBRUARY 21, 1934.

*W. O. Slate, Noah J. Stone,* for plaintiff.
*R. G. Turner, Robert Maginnis,* for defendant.

JENKINS, P. J. On September 8, 1931, the plaintiff filed attachment and garnishment proceedings, and a garnishment summons was then served on the garnishee. No bond to dissolve the

garnishment appears to have been given. Upon a traverse of the garnishee's answer the court rendered a judgment on April 8, 1932, that the "garnishee was at the time of the service of the summons of garnishment in possession of a certain Ford automobile truck, which was sold on September 21, 1931, for the sum of $300, the truck thus being converted into money," and that the plaintiff recover this amount less $52.15 allowed for expenses, a judgment having been rendered against the defendant. An execution was issued against the garnishee on May 16, 1932, and a return of nulla bona was entered thereon on June 8, 1932. On June 3, 1932, more than four months after levy of the attachment by service of the summons of garnishment, the garnishee filed a petition in bankruptcy and was adjudicated a bankrupt, and on October 22, 1932, he obtained his discharge from all provable debts existing at the time of the filing of his petition. The schedules duly listed the debt and judgment of the plaintiff. On October 26, 1932, the garnishee filed in this case in the State court a plea of discharge, and later an amended plea with an application for a perpetual stay of the execution, which the court granted, and denied the plaintiff's motion for new trial. The appellate division of the municipal court affirmed this judgment, and the superior court overruled the plaintiff's certiorari.

1. "A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." Section 11 of the act of Congress of July 1, 1898, relating to bankruptcy. "The word 'suit' as used in this section is given a wide meaning, and embraces legal steps after judgment, including the levy of an execution." *Wofford Oil Co.* v. *Womack,* 46 *Ga. App.* 246 (167 S. E. 331); Collier on Bankruptcy (13th ed.), 401, 402. Even if a suit is not stayed, and a judgment is entered before the discharge of the debtor, the discharge may be availed of as a bar to further remedies on the judgment. *Portwood* v. *Shafer,* 33 *Ga. App.* 421 (126 S. E. 556). A bankrupt who was discharged after judgment was obtained

against him in a State court, in an action pending at the time he instituted the bankruptcy proceedings, is entitled to a perpetual stay of execution on such judgment. Boynton v. Ball, 121 U. S. 457 (7 Sup. Ct. 981, 30 L. ed. 985). "If the discharge of the bankrupt had been granted before the judgment was rendered, the ruling would be otherwise." *Strickland* v. *Brown,* 19 *Ga. App.* 73 (90 S. E. 1039); *Elder* v. *Galloway,* 34 *Ga. App.* 442 (129 S. E. 672), refusing to overrule the first cited case; *Riggs* v. *Kinney,* 37 *Ga. App.* 307 (3), 309 (140 S. E. 41).

2. "Relatively to property owned by the bankrupt and encumbered by lien created more than four months before the filing of the petition in bankruptcy, the bankrupt's discharge does not affect or interfere with the enforcement of the lien. *Philman* v. *Marshall,* 116 *Ga.* 811 (43 S. E. 48). But a discharge in bankruptcy will release a bankrupt from all provable debts except those specifically excepted in the bankruptcy act." It is the general rule that "an execution in personam founded on a debt provable in bankruptcy can not be enforced against property of the bankrupt acquired subsequently to his discharge." *Peterson* v. *Calhoun,* 137 *Ga.* 799, 800 (74 S. E. 519); *McLendon* v. *Turner,* 65 *Ga.* 577 (2); *Sosnowski* v. *Rape,* 69 *Ga.* 552; *Adams* v. *Dickson,* 72 *Ga.* 846. But such a judgment, when acquired through legal proceedings more than four months before the bankruptcy, not being affected, under section 67 (c, d, and f) of the bankruptcy act, an execution in personam thereon may be enforced against other property of the bankrupt upon which the creditor holds a superior lien, where the proceedings for enforcement do not conflict with other provisions of the bankruptcy law. 2 Collier on Bankruptcy (13th ed.), 1585, 1590.

3. "A garnishing creditor has, as to any property or effects of his debtor that may be caught in the hands of the garnishee, an inchoate lien, which arises on service of the summons of garnishment. Civil Code (1910), § 5273." *Citizens Nat. Bank* v. *Dasher,* 16 *Ga. App.* 33 (2) (84 S. E. 482); *Albany & Northern Ry. Co.* v. *Dunlap Hardware Co.,* 8 *Ga. App.* 171, 176 (68 S. E. 868). Where the lien of the garnishing plaintiff has been acquired by service of the summons more than four months before the bankruptcy of the debtor, it is not invalidated by a judgment against the debtor and the garnishee within the four-months period, such a judgment

merely perfecting the pre-existing inchoate lien. Bankruptcy act, § 67 (d, f) ; 2 Collier (13th ed.), 1591, 1593, 1595; Metcalf *v.* Barker, 187 U. S. 165 (23 Sup. Ct. 67, 47 L. ed. 122). Such a lien being effective against both the garnishee and the debtor, a similar rule would apply where the garnishee rather than the debtor becomes a bankrupt. Thus, where the lien exists from the service of the summons of garnishment more than four months before bankruptcy, and is sought to be enforced by the levy of an execution or by proceedings in rem that affect only the property or effects covered by such lien, it would not be invalidated by the garnishee's bankruptcy, or subject to a stay as provided by section 11 of the bankruptcy act. See *Peterson* v. *Calhoun* and other cases cited in the preceding paragraph. But if it is sought to enforce a lien against property acquired after discharge, or if the proceedings upon the garnishment judgment are not in rem and do not seek to enforce the lien against property covered thereby, the garnishee would as a general rule be entitled to a stay thereof, unless the debt or liability be one which is excepted, under section 17 of the bankruptcy act, from release by a discharge.

4. In proceedings on garnishment in attachment, it is the duty of the garnishee, on being served with the summons of garnishment, to turn over to the sheriff any property or effects in his hands belonging to the defendant debtor at the time of such service. Such property and effects are subject to sale by the sheriff, and to the order of the court as to their disposition and proceeds, enforceable by contempt proceedings against the garnishee, if he fail to deliver such property or effects to the sheriff. Civil Code (1910), §§ 5295, 5098. In the instant attachment and garnishment, while the garnishee denied having any property or effects of the debtor, his answer was traversed, and the court entered a judgment in favor of the traverse against the garnishee for the value of the automobile belonging to the debtor, which the garnishee held when the summons was served, and disposed of pending the proceedings, less certain expenses incurred by the garnishee. This was equivalent to a finding and judgment that the garnishee had sold property on which the plaintiff had acquired a lien, more than four months before the bankruptcy of the garnishee. The property having been in effect in custodia legis, subject to the disposition of the court after service of the summons, and to its order enforceable by con-

tempt proceedings, the judgment and claim of the plaintiff was founded upon a liability for a "wilful and malicious injury to . . property" by the garnishee, within the intent and meaning of section 17 of the bankruptcy act. The claim was therefore not released by the discharge of the garnishee. This ruling does not import turpitude on the part of the garnishee, but only a violation of his legal duties to the plaintiff and the court, as subsequently adjudicated. "An injury to person or property is a malicious injury within this [bankruptcy] provision, if it was intentional, wrongful, and without just cause or excuse, even in the absence of hatred, spite, or ill will. The word 'wilful' as here used means nothing more than intentional, while the malice here intended is nothing more than that disregard of duty which is involved in the intentional doing of a wilful act to the injury of another." 1 Collier on Bankruptcy (13th ed.), 619, 620, and many cases there cited. Accordingly (although the plaintiff was not proceeding in rem to enforce his lien against property covered thereby), the claim against the garnishee being unaffected by his subsequent discharge in bankruptcy, the superior court erred in overruling the plaintiff's petition in certiorari from the judgment of the appellate division of the municipal court, affirming the judgment of the trial court denying a new trial to the plaintiff, after granting a stay of the execution against the garnishee. See *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78); McIntyre v. Kavanaugh, 242 U. S. 138 (37 Sup. Ct. 38). This case is distinguishable from *White* v. *Morris Fertilizer Co.,* 31 *Ga. App.* 710 (121 S. E. 704).

*Judgment reversed. Stephens and Sutton, JJ., concur.*