JOHN J. WILSON, TRUSTEE, APPELLEE, V. CONTINENTAL NATIONAL BANK, APPELLANT.

FILED MARCH 20, 1936. No. 29750.

*Beghtol, Foe & Rankin,* for appellant.

*Burkett, Wilson & Van Kirk* and *G. E. Hager, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Defendant appeals from a judgment rendered against it. The action was a law action, but was tried to the court without the aid of a jury.

Plaintiff John J. Wilson, as trustee in bankruptcy of the Lincoln Box and Manufacturing Company, sued Nebraska State Bank in 1930, claiming that the bank charged a deposit to the company's checking account and credited it on a demand note of the company held by the bank, thus receiving a preference over other creditors of the same class. The trial court found for Nebraska State Bank, but on appeal this court reversed the judgment and directed a judgment to be entered for plaintiff. *Wilson v. Nebraska State Bank,* 126 Neb. 168, 252 N. W. 921, filed February 16, 1934. Accordingly, on May 26, 1934, judgment was entered for

plaintiff against Nebraska State Bank for $12,570.16, with interest at 7 per cent. from the date of judgment.

In the instant case plaintiff alleges in his supplemental petition, filed May 29, 1934, not only the material facts above stated, but that, on March 22, 1929, Nebraska State Bank entered into a contract with the Continental State Bank of Lincoln, with the approval of two-thirds of the stockholders and with the approval of the department of trade and commerce of the state of Nebraska, consolidating, merging and thereafter continuing their banking business under the name of Continental State Bank; that Nebraska State Bank transferred all its resources and liabilities to, and they were taken over and retained by, Continental State Bank; thereupon Nebraska State Bank ceased to do business and has had no assets; that, by the contract of merger, the Continental State Bank assumed and agreed to pay all liabilities owing by the Nebraska State Bank, including the debt owing to plaintiff; that on or about May 25, 1929, the Continental State Bank was duly, under the provisions of the national banking laws, converted into a national banking association with the name Continental National Bank; and that, by virtue of the premises, defendant is liable for the judgment of plaintiff, no part of which has been paid.

The amended answer to the supplemental petition admits the execution of the contract of merger of the two state banks on March 22, 1929, admits that Continental State Bank was converted into Continental National Bank May 25, 1929, and is still operating as such, but denies other allegations of the petition; alleges that more than five years elapsed between the execution of the contract of March 22, 1929, and the filing of the supplemental petition and that the action is barred by the statute of limitations.

The amended answer also alleges, in paragraph 1 of section 7, that, in adopting the terms of the contract of merger of March 22, 1929, and claiming the benefit of it, plaintiff is subject to all the defects thereof to which the Nebraska State Bank would have been subject if it had sued

on the contract; then defendant proceeds further to plead in the same section 7 that the contract was procured by false and fraudulent representations as to certain of the bank's assets, which were relied upon by the Continental State Bank and this defendant to its damages, to wit, that the customers' notes were worth about $147,000 less than represented and the real estate was worth about $19,000 less than represented. In paragraph 8 of the amended answer defendant pleads that none of the foregoing facts were known to defendant, but were known to Nebraska State Bank at the time the contract was executed, that it relied upon the representations of value and would not have executed the contract if it had known the true facts; that defendant has been damaged by the Nebraska State Bank in the sum of more than $24,450.17, that its damage and the failure of consideration is more than the amount claimed by plaintiff on its judgment and defendant is entitled to an offset as to any claim of plaintiff.

Plaintiff moved to strike paragraphs or sections 7 and 8 of the amended answer and the motion was sustained.

Defendant then filed a motion reciting that, in the oral argument on plaintiff's previous motion, plaintiff's counsel stated that it did not seek to recover upon the contract as a contract, but that the contract was merely evidence of the alleged consolidation of the two banks, and that no claim was made in the petition, nor would be made at the trial, that this suit was on the contract itself as made for the benefit of plaintiff. Defendant therefore moved the court to enter upon the record the said statement of plaintiff's counsel, or, in the alternative, to require plaintiff to file a statement or pleading that this is not a suit upon the contract, or to permit defendant to withdraw its answer and to move to require plaintiff to elect whether he relies upon the merger pleaded or upon the contract pleaded or both. The court made a journal entry indicating that it considered the motion as one to require plaintiff to elect causes of action and overruled the motion.

The reply was a general denial. There was a trial to the

court which resulted in findings of fact and conclusions of law in favor of plaintiff. The conclusions of law are (1) that plaintiff's cause of action accrued when the judgment was ordered entered by the supreme court in *Wilson v. Nebraska State Bank, supra,* on February 16, 1934, and is accordingly not barred by the statute of limitations; (2) that plaintiff is entitled to recover from defendant here the full amount of that judgment with interest and costs, under section 8-160, Comp. St. 1929; (3) that plaintiff is entitled to recover from defendant "under the common-law rule making continuing corporations liable for all indebtedness of all corporations absorbed, merged into or consolidated with continuing corporation;" (4) that plaintiff is entitled to recover "under and by virtue of the written contract of consolidation and merger between the Nebraska State Bank and the Continental State Bank in connection with the described acts done and performed by the Continental State Bank and the Continental National Bank in the consummation of such merger." Judgment was entered for plaintiff.

The first assignment of error to be considered is that the action against defendant was barred by the statute of limitations because a favorable opinion on that subject would end the necessity for further discussion. The preference was secured by Nebraska State Bank in 1928, and on March 22, 1929, the merger contract was entered into by which the Nebraska State Bank was merged with the Continental State Bank. Plaintiff says the cause of action arose in 1928 and when the merger occurred in 1929 he could then have sued either of these banks or both of them. Plaintiff waited until 1930 and sued the Nebraska State Bank only. The present suit was begun (at least the supplemental petition was filed) May 29, 1934. Plaintiff contends that he first had to establish his right to a judgment, and for that purpose sued the Nebraska State Bank on his cause of action based on the preference of that bank when it took the deposit of the insolvent company to pay itself as a creditor; the district court erred in its judgment in

that cause and it was necessary to appeal to the supreme court to establish plaintiff's rights; that cause was not decided until February 16, 1934, when this court reversed the judgment of the district court and ordered the entry of judgment for the amount of the preference with interest and costs; so plaintiff asserts that his right of action against defendant did not accrue until he had established his judgment against the Nebraska State Bank and that the five-year statute of limitations had not run.

It is to be noted that plaintiff is not seeking to follow particular assets as a trust fund and to recover them wherever and whenever he finds them. He seeks to recover upon a judgment based upon a cause of action which has become merged in that judgment. "It is a general rule that a judgment is to be regarded as a new debt, and that the cause of action on which it is founded merges therein, but such general rule is subject to limitations and exceptions." *State v. Citizens State Bank,* 115 Neb. 593, 214 N. W. 6. We are not concerned in the exceptions, which are noted in the opinion. The body of the opinion states: "As a general rule, the doctrine of merger will be applied only when the ends of justice will be thereby subserved." It might well be said that the converse is true, and that the doctrine will be applied when it will serve the ends of justice. Perhaps that principle would not extend to preventing the statute of limitations from running in a case where it was clearly applicable. But here plaintiff had no right or at least was not required to sue Continental National Bank until he had established his asserted right to a judgment against Nebraska State Bank for taking as a preference the money of his bankrupt beneficiary for which he became the trustee. He brought his suit in ample time to get an adjudication long before any possible statute of limitations could run in favor of any party who could be involved. The delay in securing the judgment was not of his making but was caused by an erroneous decision of the trial court. When the judgment was secured, somewhat more than five years had elapsed since the original cause of action arose against

the Nebraska State Bank. If plaintiff had sued Continental National Bank without first obtaining a judgment against Nebraska State Bank, he would have been faced with the plea, by demurrer or otherwise, that he had not established liability of Nebraska State Bank for the unlawful preference. If he had sued Continental National Bank after his petition against Nebraska State Bank had been dismissed but before the cause had been reversed and before the alleged five-year statute of limitations, now claimed by defendant, had run, he would have been met by the plea of *res adjudicata,* or at least that no liability was shown to exist in favor of plaintiff and against Nebraska State Bank.

Plaintiff pursued a course provided by law when he sued Nebraska State Bank alone in the first instance. He might then perhaps have joined Continental State Bank, but he was not required to do so. In *Pearce v. Brilliant Coal Co.,* 200 Ala. 630, 77 So. 4, a similar situation arose, in which plaintiff was seeking to reach and subject to judgment certain assets of Aldrich Mining Company, which had been merged in defendant. The Aldrich Mining Company had been sued about a year before the consolidation. The case went three times to the supreme court on appeal and the final judgment was not obtained until more than eight years after the merger. The statute of limitations in that case was five years. A demurrer was sustained to the bill on the ground, among others, of the statute of limitations. The supreme court reversed the judgment. The statute made the new corporation liable, but notwithstanding this the court held that a plaintiff was not required to proceed in the first instance against the new corporation (though he might sue both) but plaintiff might first obtain an adjudication of liability against the old corporation. If he did so his claim against the consolidated corporation would not be barred in five years after the consolidation. While it is true that case differed from the case at bar in that the original debtor company was sued before the merger, we think the principle is applicable here. In the course of the opinion the court said: "It was never intended by the law-

makers that a diligent creditor should lose his claim or demand by pursuing one of the courses provided by law, purely on account of the law's own delay. * * * It is true that he might have proceeded earlier, and in different modes, against this appellee corporation. * * * It does not yet appear affirmatively that the doctrine of either laches, estoppel, or election has barred all remedies against the appellee corporation in person, or against the property it acquired from the original corporation."

We are constrained to hold that the statute of limitations does not bar the action of plaintiff here.

We next consider the assignment of error that the court erred in striking sections or paragraphs 7 and 8 of defendant's answer, the contents of which have heretofore been recited. Briefly restating the situation, plaintiff had pleaded the contract of merger between the Nebraska State Bank and the Continental State Bank, by which the latter had assumed and agreed to pay the liabilities of the former, which included the debt to plaintiff. Defendant in its answer admitted that the contract of merger was made and then pleaded, in the paragraphs that were stricken, that the contract was procured by the fraudulent representations, also pleaded. When the paragraphs were stricken, defendant vainly asked that the record be made to show that plaintiff did not rely upon the contract for a recovery here. No such record was made. The final judgment in the district court was, in part at least, expressly based upon "the written contract of consolidation and merger between the Nebraska State Bank and the Continental State Bank in connection with the described acts done and performed by the Continental State Bank and the Continental National Bank in the consummation of such merger." If this conclusion of law were based only upon the assumption of liability in the contract of merger, then the ruling of the court in striking defenses to the contract would be erroneous. But it is apparent that the court evidently merely considered the contract as in evidence to show the merger and with other "described acts" thereafter to bind defendant as to

the merger, and did not base plaintiff's right to recover upon the assumption clause of the contract. In this view, it was not prejudicially erroneous to strike the defenses complained of. They were not proper defenses against a third party depositor in Nebraska State Bank, whose deposit had been taken by the bank unlawfully under the bankruptcy act, especially when defendant took advantage of and kept the deposit and all other resources received in the consolidation. But, assuming that this particular reason for the judgment was not valid, that of itself would not invalidate the judgment. If there existed a proper basis for the judgment, it does not matter that the court gave wrong reasons for the judgment that was rendered. Indeed, one of the conclusions of law said that plaintiff was entitled to recover "under and by virtue of section 8-160 of the Compiled Statutes of Nebraska for 1929." That statute does not, of itself, make a consolidated bank liable. It merely provides that the transfer of resources by a merging bank shall not "operate to defeat the claim of any creditor * * * in the collection of his debt against such banks or either of them." So that the chief, if not the only, reason plaintiff was allowed to recover against defendant was under the common-law liability of defendant to pay "the indebtedness of all corporations absorbed, merged into or consolidated with continuing corporation," to use the language of the court in one of its conclusions of law. The debt sued on was a debt owed plaintiff by Nebraska State Bank. Defendant had taken over all assets of that bank and had continued to use them without repudiating any of the liabilities. We think this particular debt could not be repudiated in this action on the ground of fraudulent representation of value of its assets by Nebraska State Bank when Continental State Bank took them over in the merger. Plaintiff had no part in any fraudulent representations of assets. His was a debt due from Nebraska State Bank. He had a right to recover it from that bank and from any successor who could be shown to have assumed it legally. Therefore, it was not erroneous to strike such a plea from the answer.

As to common-law right of recovery, it is said in 7 R. C. L. 181, sec. 155: "The constituent corporations cannot by consolidation escape the payment of their debts incurred before the consolidation or defeat the right of their creditors to subject their property to the satisfaction of such debts. The consolidated corporation takes the property of the constituent corporation with notice of such trust and does not occupy the position of a *bona fide* purchaser for value; consolidation is wholly unlike the *bona fide* sale of the assets of one corporation to another."

Section 35, ch. 2, title 12, being the section of the national banking act which provides for the organization of state banks as national banking associations, states the well-known rule in an annotation found on page 85 of title 12, U. S. C. A.: "Rights and liabilities of reorganized bank. —The identity or corporate existence of the bank is not destroyed by its reorganization as a national bank, and all the assets and rights of the old bank pass to the new bank without any formal assignment, and it is subject to all existing obligations and liabilities of the old bank as if the change had not taken place." (Citing many cases.)

The debt to plaintiff was not established until the end of its suit against Nebraska State Bank. That was conclusive against Continental State Bank, which had consolidated the other bank with it and took over its liabilities as well as its assets. Defendant is liable under the common law or general law for all debts of Continental State Bank out of which Continental National Bank was formed. While we do not agree with all the reasons given by the district court for its judgment, we think the judgment itself was right. It is

AFFIRMED.