## PETERSON *v.* CALHOUN.

An execution in personam founded on a debt provable in bankruptcy, where the plaintiff in fi. fa. had notice of the proceedings in bankruptcy, can not be enforced against property of a bankrupt acquired subsequently to his discharge; and an affidavit of illegality setting up this defense should not have been stricken.

MARCH 13, 1912.

Illegality of execution. Before Judge Martin. Montgomery superior court. March 30, 1911.

*F. H. Saffold* and *A. C. Saffold,* for plaintiff in error.

*M. B. Calhoun* and *Eschol Graham,* contra.

EVANS, P. J. A fi. fa. in favor of W. P. Calhoun against W. D. Peterson and T. P. McBride was, on July 5, 1907, levied on an undivided four-twenty-sevenths interest in a certain tract of land, as the property of W. D. Peterson. Peterson filed his affidavit of illegality to the levy, on the following ground (the others having been abandoned) : "On the second day of Nov., 1907, affiant filed, in the United States Court for the Southern Dist. of Georgia, his vol-

untary petition in bankruptcy, and on said date was duly adjudged. a bankrupt, and, after having fully conformed to all the requirements of the bankrupt act, he was, on the 20th day of Feb., 1908, granted a discharge in bankruptcy; that said discharge operated to discharge him from all debts which existed prior to the second day of Nov., 1907, which were provable in bankruptcy; that plaintiff's debt existed prior to that time; that he was notified of the pendency of the bankruptcy petition, and had full opportunity to be heard. Affiant alleges that he has been discharged from the debt of plaintiff in fi. fa., and that property levied upon was not scheduled in his petition in bankruptcy aforesaid, nor owned by him at said time; and for the reason aforesaid said fi. fa. is proceeding illegally against him and said property or interest in said land." The plaintiff demurred to this ground of the illegality, because it appeared that the fi. fa. was issued and entered upon the general execution docket more than four months prior to the adjudication of bankruptcy, and that the levy preceded the adjudication of bankruptcy; and because it is not alleged that the plaintiff proved his debt in the bankrupt court. The court dismissed the illegality. This was error. Relatively to property owned by the bankrupt and encumbered by lien created more than four months before the filing of the petition in bankruptcy, the bankrupt's discharge does not affect or interfere with the enforcement of the lien. *Philmon* v. *Marshall,* 116 *Ga.* 811 (43 S. E. 48). But a discharge in bankruptcy will release a bankrupt from all provable debts except those specifically excepted in the bankruptcy act. 1 Fed. Stat. Ann. 578. One of these exceptions is a debt which has not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. We think the allegations of the affidavit of illegality sufficiently aver that the property levied on is property acquired after the bankrupt's discharge and that the plaintiff in fi. fa. had notice of the proceedings in bankruptcy. There is no contention that the plaintiff's fi. fa., which runs only against the person, was not a provable debt; and such being the case, it was released by the bankrupt's discharge, and can not be enforced against property acquired since the discharge. *McLendon* v. *Turner,* 65 *Ga.* 577.

*Judgment reversed. All the Justices concur.*