## 15623. PORTWOOD *v.* SHAFER.

JENKINS, P. J. 1. Where a suit has been filed in a State court against one who is adjudicated a bankrupt, it is the better practice, pending the determination of his application for a discharge, to file in the State court a plea or motion suggesting the bankruptcy proceedings and asking a stay of the suit until the question of discharge has been finally determined in the bankruptcy court (*Adams* v. *McClendon,* 30 *Ga. App.* 559, 118 S. E. 497), and when the discharge is granted, then to plead it. But even if the suit is "not stayed and a judgment is entered before discharge, the discharge may be availed of as a bar to further remedies on the judgment." 1 Collier on Bankruptcy (13th ed.), 641. Such a bankrupt, after discharge, when the discharge is pleaded, "is entitled to a perpetual stay of the execution on the judgment, although he did not before the rendition of the judgment ask for a stay of the proceedings in the State court. If the discharge of the bankrupt had been granted before the judgment was rendered, the ruling would be otherwise." *Strickland* v. *Brown,* 19 *Ga. App.* 73 (1) (90 S. E. 1039), and cases cited; *McLeod* v. *Mills,* 29 *Ga. App.* 87 (3), 89 (113 S. E. 699). See also *Peterson* v. *Calhoun,* 137 *Ga.* 799 (74 S. E. 519). In *McDougald* v. *Chattanooga Medicine Co.,* 10 *Ga. App.* 653 (73 S. E. 1089), relied on by the plaintiff, it appears that the defendant in that case moved to set aside the judgment as a "nullity," when not only had he failed to file any suggestion of bankruptcy or motion to stay the suit, but his application for discharge had not yet been granted; and that case, under the pleadings and facts, is further distinguishable from the instant one.

2. Under the untraversed and agreed facts, as alleged in the defendant's affidavit of illegality, duly setting up his discharge in bankruptcy from the plaintiff's scheduled debt, which discharge was granted after the rendition of the judgment, and showing the plaintiff's actual knowledge of the bankruptcy proceeding in time to participate therein, it was error for the judge, sitting without a jury, to overrule and strike the affidavit.      *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Affidavit of illegality; from city court of Carrollton—Judge Hood. April 1, 1924.

*Clark Ray,* for plaintiff in error.      *Boykin & Boykin,* contra.