STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V.
CITIZENS STATE BANK OF RALSTON: R. O. BROWNELL,
RECEIVER, APPELLANT AND CROSS-APPELLEE: SOUTH-
ERN SURETY COMPANY, CLAIMANT, APPELLEE
AND CROSS-APPELLANT.

FILED MAY 7, 1927.    No. 25767.

1. Banks and Banking: GUARANTY FUND: DEPOSITS. "In determining whether a transaction creates a 'deposit' within the protection of the guaranty fund, the law will look through all semblances and forms to ascertain the actual facts as to whether there has been a *bona fide* deposit, and, if not, the guaranty fund does not protect the transaction, no matter how it may be evidenced." *State v. Farmers State Bank*, 112 Neb. 380.

2. ———: ———: ———. Where a state bank, to induce a surety company to become surety on a supersedeas bond, issues cashier's checks to the surety company which it deposits in another bank in a special account and draws a check thereon for the amount, payable to the state bank issuing the cashier's checks, and in lieu thereof the state bank issues to the surety company certificates of deposit, such transaction does not evidence a deposit by the surety company, within the meaning of the depositors' guaranty fund law.

3. ———: ———: JUDGMENT FOR A TORT. A judgment against a state bank, in an action founded on tort, is not within the protection of the depositors' guaranty fund.

4. ———: ———: JUDGMENT ON CONTRACT. Where a depositor

594　.NEBRASKA REPORTS.　[VOL. 115

State, ex rel. Spillman, v. Citizens State Bank.

in a state bank, whose deposit is protected by the guaranty fund, reduces his claim to judgment, and the bank fails before the judgment can be enforced, such judgment is within the protection of the depositors' guaranty fund.

5. ———: ———: JUDGMENT: RIGHTS OF ASSIGNEE. The assignee of a judgment against a state bank, which is protected by the guaranty fund, is entitled to the same relief as the original judgment creditor.

6. ———: ———: ———: INTEREST. The fact that a judgment against a state bank for a deposit protected by the guaranty fund draws interest at 7 per cent. does not deprive the holder of such judgment of the protection of the depositors' guaranty fund.

7. Judgment: MERGER. It is a general rule that a judgment is to be regarded as a new debt, and that the cause of action on which it is founded merges therein, but such general rule is subject to limitations and exceptions.

8. ———: ———. The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges under his contract, he may be entitled to the same privileges after the entry of judgment.

9. ———: ———. Though a debt or obligation may be merged in a judgment as to certain property, it may still remain as an effective cause of action against other property or funds.

10. ———: ———. The doctrine of merger will not be so applied as to be permitted to destroy the protection of the guaranty fund to a depositor who has reduced his claim for deposit to judgment.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS. JUDGE. *Affirmed.*

*C. M. Skiles* and *Jackson B. Chase,* for appellant.

*Dressler & Neely, contra.*

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

The Southern Surety Company, hereinafter called claimant, filed certain claims against the receiver of the insolvent Citizens State Bank of Ralston, hereinafter referred to as

the bank, and prayed their allowance as preferred and payable from the depositors' guaranty fund. Objections to their allowance as preferred claims were filed by the receiver, on the theory that the claims did not represent deposits and were not within the protection of the guaranty fund. The trial court found for the claimant in part and adjudged the sum of $4,449.40 to be a preferred claim and payable from the guaranty fund, and the remainder of the claim or claims was allowed only as a general claim. The receiver has appealed from that part of the judgment which allowed a part of the claim as preferred, and the claimant has filed a cross-appeal from the disallowance of the remainder of the claims as preferred.

The following pertinent facts appear from the record: One Noersgaard was a depositor in the bank while it was a going concern. He demanded and the bank refused payment of his deposit. Thereupon he brought suit against the bank, and a trial in the district court resulted in a finding that Noersgaard was a depositor, and awarding him a judgment in the sum of $3,567.23. At about the same time one Rasmussen brought suit against the bank in the nature of a tort action and recovered a judgment for $2,175.40. The bank, then a going concern, desired to appeal from both judgments to the supreme court and procured the claimant to furnish supersedeas bonds. As a condition to its furnishing the supersedeas bonds, claimant demanded indemnity from loss. Thereupon the bank issued to the claimant or its agents two cashier's checks, aggregating $6,000. The agents indorsed and deposited these cashier's checks in an Omaha bank in a special account, and immediately drew a check on the special account for $6,000, payable to the bank, and upon presenting this to the bank it issued to the claimant two certificates of deposit, one for $3,700 and the other for $2,300. These certificates drew 4 per cent. interest. At the expiration of a year they were renewed for the original amounts, plus interest. The two cases were appealed to the supreme court, where

the judgments of the district court were affirmed and mandates issued to the district court. Thereupon execution was issued and returned unsatisfied. The bank at this time was in control of the guaranty fund commission. The claimant paid to Noersgaard and Rasmussen the amount of their respective judgments, with interest, and took an assignment thereof. In filing its claim, claimant set out all of these facts and prayed for allowance of the entire amount as preferred.

Claimant argues that the two certificates represent deposits, and that it is entitled to an allowance of the full amount thereof as a preferred claim, or, in lieu, to be allowed the amount of the judgments as preferred.

With reference to the two certificates of deposit, we think it is quite plain that claimant did not become a depositor by virtue of the issuance of these two certificates. It placed no money of its own in the bank. What it did was to take the bank's money and place it in another bank to its credit, and then check it back to the bank and receive therefor two certificates of deposit, of which the ones in controversy are renewals. We think the transaction is precisely the same as though the bank, in the first instance, had issued the certificates directly to claimant as an indemnity because of its liability as surety on the supersedeas bonds. The bank, not the claimant, furnished the money, and by a circuitous method the bank's credit was transferred to the claimant and by the claimant back to the bank.

In *State v. Farmers State Bank,* 112 Neb. 380, it was said: "In determining whether a transaction creates a 'deposit' within the protection of the guaranty fund, the law will look through all semblances and forms to ascertain the actual facts as to whether there has been a *bona fide* deposit, and, if not, the guaranty fund does not protect the transaction, no matter how it may be evidenced." Under the rule there announced, we think it clear that the certificates, nominally evidencing a deposit, do not represent such within the meaning of the guaranty fund law.

. We next come to the question as to whether claimant, as the assignee of the judgments, is entitled to the protection of the guaranty fund. The judgment in favor of Rasmussen was not based on a deposit. At no time, so far as the record discloses, was he a depositor in the bank. He obtained a judgment in a tort action and, as such, was a mere judgment creditor. An ordinary judgment creditor of a state bank is not within the protection of the guaranty fund law. Since Rasmussen was not a depositor and was not protected by the guaranty fund, the assignment of his judgment would give to the claimant no greater right. It is clear that the district court properly denied claimant a preference, as assignee, of the Rasmussen judgment. This disposes of the questions presented by the cross-appeal.

There remains to be determined the question as to whether claimant, as the assignee of the Noersgaard judgments, is entitled to the protection of the guaranty fund. That Noersgaard was a depositor is beyond question. As a depositor, he sued the bank while a going concern and obtained a judgment, which was a judicial determination that he was a depositor and determined the amount of the deposit. By the assignment of that judgment, claimant has obtained whatever rights Noersgaard had. If Noersgaard at the time of the assignment was entitled to have his claim preferred and adjudged payable from the guaranty fund, this claimant, as his assignee, is entitled to the same relief.

Counsel for the receiver argue that, by bringing action and reducing his claim to judgment, Noersgaard lost his status of depositor and became merely a judgment creditor, and that, as such, he is not within the protection of the guaranty fund law. They further argue that as the guaranty fund law limits the rate of interest on deposits to 4 per cent., and since Noersgaard's claim has been reduced to judgment, under the law it draws 7 per cent., and for that reason it is not within the protection of the guaranty fund.

We do not think that these contentions can be upheld. Noersgaard was a depositor and, as such, was protected by the guaranty fund. He was entitled to draw the money from the bank whenever he desired. The bank refused to pay. If the position of the receiver is tenable, then one having a deposit in a state bank protected by the guaranty fund is in the position that, if he attempts to withdraw his deposit and the bank refuses to pay, he must either submit to the bank's unjust refusal until such time as the bank fails and goes into the hands of a receiver, or, if he seeks to enforce payment by an action at law, he will forfeit the protection of the guaranty fund. If he retains his deposit, as such, in the bank and waits until the bank fails and goes into the hands of a receiver, then his deposit will be protected by the guaranty fund, but otherwise not. If the receiver's contention is sound, it would lead to this anomalous situation: that one having a deposit protected by the guaranty fund, and who is not able to collect from the bank because of its unjust refusal to pay, can do nothing, if he wants to retain the protection of the guaranty fund, except to hold the claim until the bank fails. In the meantime, if the bank continues as a going concern for a period of five years or more, the depositor's claim, if on an open account, after four years would be barred by the statute of limitations, and, if upon a certificate of deposit, it would be barred by the statute of limitations at the expiration of five years after the maturity thereof. If such a situation were permitted to prevail, the guaranty fund law would be a snare to entrap the unwary. It would permit an unscrupulous banker to obtain deposits, then refuse to pay the depositor when the amount was due, and, if the depositor sought to enforce payment, to require him to forego the protection of the guaranty fund. The protection of depositors that the law was designed to afford would be nothing less than farcical.

In this case, Noersgaard was entitled to his money on demand from the bank. The latter refused to pay. Noers-

gaard thereupon sued and recovered a judgment and had a judicial determination that he was a depositor and the amount of his claim as such. By what reasoning can it be said that Noersgaard ceased to become a depositor? Does the fact that he reduced his claim for a protected deposit to judgment deprive him of the protection afforded by law? If so, it must be on the theory that the protected claim is merged into an unprotected claim, when reduced to judgment.

It is no doubt a general rule that a judgment is to be regarded as a new debt, and that the cause of action on which it is founded is merged therein, but to this general rule 'there are limitations and exceptions. As to the limitations and exceptions to the general rule, 2 Freeman, Judgments (5th ed.) sec. 550, has this to say: "The law of merger as applied to judgments does not forbid all inquiry into the nature of the cause of action. Such inquiry may be prosecuted for any purpose consistent with the judgment, and is frequently necessary to its interpretation. The place where a contract was made may be ascertained, in order that the *lex loci*; which was a part of the contract, may have its effect upon the judgment. And for some purposes a judgment will be treated as an old debt in a new form. The doctrine of merger is calculated to promote justice and will be carried no further than the ends of justice require. The judgment does not annihilate the debt. The essential nature of the cause of action remains the same. The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges * * * under his contract, he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed, not as a new debt, but as an old debt in a new form. * * * A court may, under proper circumstances, look back of a judgment to see whether it is in contract or tort, and so may a court of equity, to ascertain whether a claim is really one of a

nature that equity is justified in enforcing." In section 551 of the same work it is said: "Though a debt or obligation may be merged in a judgment upon it, as to certain persons or property, it may still remain an effective cause of action against other persons or property. Where a party has cumulative remedies, as where he has a lien or other collateral security to either or both of which he is entitled to resort, a judgment upon one does not so merge his claim as to bar resort to the other. And if two distinct judgments have been entered on the same cause of action, the merger of one of those judgments in a statutory judgment does not affect the other. * * * The doctrine of merger is not inflexibly applied in equity and will not be permitted to destroy the security of a decree as a lien, when such a result is not in keeping with the ends of justice."

As a general rule, the doctrine of merger will be applied only when the ends of justice will be thereby subserved. To apply the doctrine of merger in this case would be to deprive a depositor of the protection afforded him by law. Justice and equity forbid the application of the doctrine under the facts disclosed by the record.

Under the guaranty law, a bank may not pay in excess of 4 per cent. interest on deposits which are protected by the guaranty fund, and because of this provision of the statute, it is argued, since Noersgaard's claim, when reduced to judgment, draws 7 per cent. interest, it is no longer within the protection of the guaranty fund. The purpose of the statute was to prevent the bank and depositor from contracting for a rate of interest in excess of 4 per cent. upon deposits that were protected by the guaranty fund. In this case there was no contract between Noersgaard and the bank to pay any rate of interest. The law fixed the rate of interest after the claim was reduced to judgment. Had the bank paid the claim, as it was in duty bound to do when demand was made, there would have been no interest. The fact that the law fixes a rate of interest after the claim has been reduced to judgment does not violate the depositors'.

guaranty fund law. Under the law, when a claim is allowed on a deposit against a failed bank, it draws 7 per cent. interest from the time of its allowance. If the receiver sees fit to appeal from the allowance to the supreme court, the claim may draw interest at the rate of 7 per cent. for many months, and no one has had the temerity to contend that such interest rate would deprive the claimant of the protection of the guaranty fund. What essential difference is there in the two situations? In our view, there is no good reason why a distinction should be drawn. Because the law fixes the legal rate of interest on a judgment at 7 per cent. does not deprive Noersgaard of the protection of the guaranty fund. Since claimant, by an assignment from Noersgaard, has the same rights and the same protection as the judgment creditor, its claim, in so far as founded upon this judgment, is within the protection of the guaranty law.

The judgment of the trial court properly disposed of every question presented and is, therefore, in all things

AFFIRMED.

THOMPSON, J., dissents.