## 22442. WOFFORD OIL COMPANY v. WOMACK et al.

JENKINS, P. J. Plaintiff filed suit on November 19, 1931, on certain trade acceptances. An involuntary petition in bankruptcy against the defendants was filed on November 25, 1931, and on December 11, 1931, they were adjudicated bankrupts. No plea of bankruptcy was filed in the pending suit, and on January 19, 1932, judgment by default was entered against the defendants. Execution was issued, and on April 19, 1932, the defendants filed in the trial court a petition setting up the facts with reference to the adjudication in bankruptcy, reciting that the plaintiff had notice thereof and that its claim was scheduled, and praying that the judgment and execution be stayed pending the determination by the bankrupt court of the question of the discharge of the defendants, and that on a hearing after their discharge in bankruptcy a perpetual stay be granted. The plaintiff moved to dismiss this petition, and now excepts to the order overruling the motion. *Held:*

1. "(a) A suit which is founded upon a claim from which a discharge [in bankruptcy] would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." Act of Congress of July 1, 1898; U. S. C. A., C. 3, § 29. The word "suits," as used in this section, is given a wide meaning, and embraces legal steps after judgment, including the levy of an execution. Collier on Bankruptcy (13th ed.), 401, § 11. While it has been held that where a suit has been filed in a State court against one who has been adjudicated a bankrupt, it is the better practice, pending the determination of his application for discharge, to file in the State court a plea or motion suggesting the bankruptcy proceedings and asking a stay of the suit until the question of discharge has been finally determined, still, even if the suit is not stayed but a judgment is entered before discharge, the discharge may be availed of as a bar to further proceedings on the judgment. *Portwood* v. *Shafer*, 33 *Ga. App.* 421 (126 S. E. 556). And after discharge, when the discharge is pleaded, a bankrupt "is entitled to a perpetual stay of the execution on the judgment, although he did not before the rendition of the judgment ask for a stay of the proceedings in the State court. If the discharge of the bankrupt had been granted before the judgment was rendered, the rulings would be otherwise." *Strickland* v. *Brown*, 19 *Ga. App.* 73 (90 S. E. 1039), and cit.

2. In the instant case, although it did not appear from the petition of the defendants that a discharge in bankruptcy had been applied for, it affirmatively appears that the time for making such application had not expired, since twelve months had not elapsed since their adjudication in bankruptcy. Collier on Bankruptcy (13th ed.), p. 471, § 14. Since the defendants would have been entitled, on receiving their discharge in bankruptcy, to plead the same by petition in the court in which the judgment was rendered for the purpose of obtaining a perpetual stay of the execution issued against them on the debts sued on, which it appears

were dischargeable in bankruptcy (*Strickland* v. *Brown*, supra), they were entitled, pending their application for discharge, to have further proceedings to enforce the judgment against them stayed at least until the expiration of the time fixed by the statute, or until, during such time, the matter of their discharge could be determined by the bankruptcy court. This proceeding is not one to set aside and vacate a judgment, or a motion in arrest based upon defects upon the face of the record, but one to procure a stay of the execution issued to enforce a debt dischargeable in bankruptcy, and against which the defendants would be entitled to set up their discharge in bankruptcy as a perpetual bar.

3. The court did not err in overruling the demurrer.

> *Judgment affirmed. Stephens and Sutton, JJ., concur.*

> DECIDED JANUARY 7, 1933.

*Charles W. Bergman, Camp, Savage & Crawford,* for plaintiff. *Hendrix & Buchanan,* for defendants.