24523.   HARTSFIELD COMPANY *v.* STINSON.

Decided April 19, 1935.

*Robert T. Efurd, Mose S. Hayes,* for plaintiff.

*W. O. Slate, T. J. Lewis,* for defendant.

SUTTON, J. On April 26, 1933, G. L. Stinson, a debtor, filed in the district court of the United States for the northern district of Georgia his petition for an order extending time to pay his debts, under the provisions of the recent Federal statute for the relief of debtors (11 U. S. C. A. §§ 201, 202). He alleged that he was unable to meet his debts as they matured, and set forth all requisite jurisdictional facts. Accompanying his petition were schedules in due form, showing and listing his secured and unsecured creditors. The petition was approved by the judge, under the provisions of the above law, and an order of reference to the referee in bankruptcy was taken. Upon the hearing before the referee it was agreed between the debtor and his creditors that time be allowed the debtor for the payment of his debts, and that he pay a small percentage thereof each month, to wit, 2-1/2 per cent., the plaintiff in this case, Hartsfield Company, to whom the debtor was indebted upon a promissory note, being included among the debtor's creditors, and on June 27, 1933, this extension proposal and acceptance by the creditors was confirmed by the referee in bankruptcy. On the same day an order was taken by the United States court relinquishing jurisdiction of the matter, for the reason that there was nothing further for the court to do in the premises. No exceptions were taken by the plaintiff or any other creditor of the debtor to any order in said proceedings. It appears from the record that the debtor failed to pay the monthly installments under the approved extension proposal to the plaintiff, for a stated number of months, and the plaintiff, on May 19, 1934, brought suit against the debtor, in the municipal court of Atlanta, upon the original note given by the debtor, seeking to recover the entire amount of principal and interest thereon, the note containing an acceleration clause. The defendant in his answer set up that he was not due the entire sum of principal and interest at that time, but was only due the amount of accrued unpaid installments, as per the extension agreement and the order of the Federal court thereon, which sum was and had been tendered to the plaintiff, and therefore the plaintiff could not recover in a suit against the debtor for any sum other than the unpaid accrued amounts under the extension proposal agreement. The matter was submitted to

the trial judge upon an agreed statement of facts, and he found in favor of the plaintiff the amount of accrued installments in accordance with the extension proposal agreement for payment of the defendant's debts and the order of confirmation thereof. Plaintiff's oral motion for new trial was overruled, and that judgment was affirmed by the appellate division of the municipal court. To the judgment of the appellate division affirming the judgment of the trial judge overruling the plaintiff's motion for a new trial, the movant excepted.

■ "Upon its confirmation an extension proposal shall be binding upon the debtor and his unsecured and secured creditors affected thereby." Amendment of section 74 of the bankruptcy act (i), 11 U. S. C. A., §§ 201, 202. Where a debtor filed a proper petition for extension of time for the payment of his debts, which was accepted by the plaintiff creditor, who was listed in the schedule of debts accompanying such petition, and the same was confirmed by the referee in bankruptcy, to whom the matter was referred by the judge of the United States district court for the northern district of Georgia, and, there being no further need for the Federal court to retain jurisdiction of the matter, it passed a proper order relinquishing jurisdiction, the debtor and the plaintiff creditor in this case were bound by the extension proposal agreement whereby the debtor agreed to pay monthly to the plaintiff creditor 2-1/2 per cent. of the amount of the debt. (a) In such circumstances, where the debtor fails to pay one or more of such monthly installments, the plaintiff creditor can not recover in a suit at law in a State court the entire amount of the debt, but is held to the extension agreement and the order thereon, and can only recover of the debtor the amount of accrued installments thereunder. (b) This is so even though the original debt is represented by a promissory note containing an acceleration clause effective when the maker does not pay each installment, as specified in the original note, as the installments become due. When such extension proposal agreement was accepted by the plaintiff creditor, and an order confirming the same was passed, and no exception taken thereto, the plaintiff creditor became bound and concluded thereby, and could not revert to the original contract of indebtedness and recover thereon according to its original terms, although the debtor failed and refused to comply with the terms of the extension proposal agreement.

158

■ It follows that the trial judge correctly overruled the plaintiff's motion for a new trial; and the judgment of the appellate division of the municipal court of Atlanta affirming the judgment of the trial judge overruling plaintiff's motion for new trial was not erroneous for any of the reasons assigned.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*