## 26187. RYDER *v.* CLARE & COMPANY.

DECIDED OCTOBER 9, 1937.

*Victor K. Meador,* for plaintiff in error.
*Frank R. Marlin,* contra.

MacINTYRE, J. On September 1, 1936, Clare & Company obtained judgment against Ryder on a note, containing a waiver of homestead exemption rights. On September 21, 1936, said company filed in the municipal court of Atlanta an affidavit and bond

for garnishment, based on such judgment, directed to defendant's employer, N. C. & St. L. R. Company. On October 7, 1936, the garnishee filed answer in said court, answering as subject to garnishment $45.37. On October 14, 1936, the garnishee amended its answer, setting up that the judgment defendant had filed his voluntary petition in bankruptcy and had been adjudicated a bankrupt on October 13, 1936, and that the money answered subject to the garnishment by it and previously paid into court was subject to the bankruptcy proceedings. The judgment defendant, on November 6, 1936, dissolved the garnishment proceedings by giving bond and surety. On November 7, 1936, the defendant filed in said court his plea setting out that he had filed his petition in bankruptcy, had listed the claim of Clare & Company in his schedule, and had been adjudicated a bankrupt on the above date. The judgment plaintiff moved to deny said plea of bankruptcy. The matter came on for trial before a judge of said court, without a jury. It appeared that Ryder had been adjudicated a bankrupt on said date and had listed the plaintiff's claim in his petition; that there had been set apart to him certain money claimed exempt as a homestead, which included the above sum due him as wages and impounded by the garnishment; and that the referee in bankruptcy had passed an order disclaiming jurisdiction of said funds impounded by garnishment. The trial judge thereupon denied the plea of bankruptcy, rendering judgment for the plaintiff in garnishment and against the defendant bankrupt debtor for the amount impounded by the garnishment process, "to be made only out of the funds paid into court by the garnishee," and further rendered judgment against defendant as principal, and W. L. Meador, as surety, on the dissolution bond for $45.37, the sum impounded. The defendant moved for a new trial, and from the judgment overruling the motion he appealed to the appellate division of said court, where that judgment was affirmed, and the defendant excepted in the present writ of error.

1. Ordinarily, under 67f of the bankruptcy act, any lien acquired by garnishment proceedings instituted within four months of the adjudication of the debtor as a bankrupt is annulled by such adjudication, and funds impounded thereby are released. *Roberts v. Seanor*, 46 *Ga. App.* 5 (6) (166 S. E. 375); *Saint John v. Johnson*, 54 *Ga. App.* 87 (187 S. E. 134); *Armour Packing Co. v. Wynne*, 119 *Ga.* 683 (46 S. E. 865).

2. However, the effect of 67f of the bankruptcy act is not to avoid liens and levies therein referred to against all the world, but only against the trustee in bankruptcy and those claiming under him, in order that the property may pass to and be distributed among the creditors of the bankrupt. It is applicable only against the trustee, and was designed to prevent preferences between creditors. *McKenney* v. *Cheney,* 118 *Ga.* 387 (4) (45 S. E. 433). Therefore a discharge in bankruptcy does not discharge the lien of a judgment obtained within four months before the adjudication of the judgment debtor a bankrupt, on a note in which such debtor waived the homestead exemption allowed him under the laws of the State, as against funds or property set apart to the bankrupt as exempt. *McKenney* v. *Cheney,* supra; *Coker* v. *Utter,* 152 *Ga.* 157 (108 S. E. 538); *Pentecost* v. *Elder,* 162 *Ga.* 504 (134 S. E. 171); *Allen* v. *Atlanta Furniture Co.,* 49 *Ga. App.* 558 (176 S. E. 663); *Dickens* v. *Breedlove,* 34 *Ga. App.* 459 (129 S. E. 886).

3. The facts of this case do not bring it within the rulings made in *Roberts* v. *Seanor,* supra, and similar cases; and by parity of reasoning, under the ruling in *Equitable Credit Co.* v. *Miller,* 164 *Ga.* 49 (137 S. E. 771), and other cases herein cited, the dissolution bond taking the place of the funds impounded by the garnishment process, the adjudication and discharge in bankruptcy in this case does not prevent the judgment being rendered against the surety on the bond, such funds being set apart to the debtor as his homestead exemption by the bankruptcy court. See also *Anderson* v. *Ashford,* 174 *Ga.* 660 (163 S. E. 741).

4. Nor would the bankrupt in this case, as against the judgment on the note containing a homestead waiver and as to funds or property set apart as exempt in the bankruptcy court, being funds also impounded by garnishment in the trial court, based on such a judgment, and which had been due the bankrupt as wages by the garnishee, be entitled to plead his adjudication in bankruptcy and obtain a stay of the garnishment proceedings in the trial court. See *Dickens* v. *Breedlove,* supra.

5. It is not necessary that the judgment plaintiff resort to a court of equity in order to subject the funds impounded by the garnishment in this case, which funds had been set apart to the bankrupt debtor as a homestead exemption. The municipal court

674

of Atlanta had these funds in hand under the garnishment properly issued, and the defendant gave his bond dissolving such garnishment. It was not necessary that any orders or decrees be passed which only a court of equity had jurisdiction to pass, in order for the judgment plaintiff to obtain said funds. The garnishment in this case was based on a judgment on a homestead-waiver note, which under the authorities was not avoided in so far as any homestead exemption set apart to the bankrupt in money or property was concerned, by the adjudication of the defendant a bankrupt. In *Nelson* v. *Brannon,* 182 *Ga.* 195 (184 S. E. 870), it was held necessary that the creditor obtain a judgment in rem against the exemption set apart; but in this case the funds were in the hands of the court by reason of a garnishment based on a judgment, the lien of which was not avoided, because based on a homestead-waiver note. Nothing in *Rosenthal* v. *Langley,* 180 *Ga.* 253 (179 S. E. 383, 100 A. L. R. 45), *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150), or *Phillips* v. *Bass,* 65 *Ga.* 427, requires a holding in this case that the plaintiff was required to go into equity to subject these funds to his homestead-waiver judgment. In the *Rosenthal* case, supra, the property or funds claimed as exempt were not already in the possession of the law court. The creditors in this case had already subjected the fund to their judgment, which judgment is not avoided by adjudication.

6. Applying the above rulings, the judgment for plaintiff was proper, and no error of law appears. The judgment of the appellate division of the trial court, affirming the overruling of defendant's motion for new trial, was not error.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*