228

## 27018. DUNCAN v. SOUTHERN SAVINGS BANK.

Decided December 3, 1938.   Rehearing denied December 15, 1938.

*Duke C. Meredith, Lowndes Calhoun,* for plaintiff in error.
*Mitchell & Mitchell,* contra.

MacIntyre, J.   Duncan, the plaintiff in error, failed to pay a sum of money borrowed from Southern Savings Bank, the defendant in error, and filed a petition for extension in the Federal court for the northern district of Georgia as provided in § 74 of the bankruptcy act, 11 U. S. C. A. § 202.   Southern Savings Bank refused to agree to the extension, but Duncan secured a judgment of extension against Southern Savings Bank which forced it to abide by the extension.   The extension order granted by the referee in bank-

ruptcy contained this clause: "If the debtor fails to live up to the schedules as herein provided, plaintiff may declare the balance of the indebtedness due and bring suit thereon." Duncan then failed to abide by the extension himself, and refused to make any payments. Southern Savings Bank sued Duncan in the State court on two counts: (1) For money had and received. (2) On the extension agreement obtained against it by Duncan. When the case came on for trial, Duncan had filed his petition in bankruptcy where the claim was listed, but refused to file a plea of bankruptcy in the municipal court of Atlanta. Southern Savings Bank introduced evidence of bankruptcy, the judgment of extension, and the receipt of the money by Duncan, but Duncan still refused to file a plea of bankruptcy. Duncan then moved to dismiss the petition on the ground that only the Federal court had jurisdiction to try any case arising out of an extension, and that the suit on the extension should have been filed in the Federal court. This motion was denied.

"If the bankrupt is discharged, the certificate of the discharge would be a bar to any further prosecution of the suit. If the application for discharge is denied, the stay is at an end, and the suit proceeds to judgment. The suit in the State court being for the collection of a debt from which a discharge would be a release, there can be no doubt that the law required that the stay asked for should have been granted until the determination of the application for discharge." *Hunter* v. *Lissner*, 1 *Ga. App.* 1, 3 (58 S. E. 54). However, in a suit for a debt in the State court, the defendant is not entitled as of right to a stay or abatement after he was adjudicated a bankrupt. Rogers *r*. Abbott, 206 (Mass.) 270 (92 N. E. 472, 138 Am. St. R. 394). The State court could not know or take judicial notice of a discharge in bankruptcy unless it was brought before it in some appropriate manner. The State does not lose jurisdiction of a case until the discharge is appropriately before it. *Hunter* v. *Lissner*, supra; *Riggs* v. *Kinney*, 37 *Ga. App.* 307, 309 (140 S. E. 41); Boynton *r*. Bell, 121 U. S. 457 (7 Sup. Ct. 981, 30 L. ed. 985).

"Bankruptcy is purely a matter of Federal cognizance, and, in the administration of the affairs of a bankrupt as such, bankruptcy courts and State courts are not courts of concurrent jurisdiction; in such matters the jurisdiction of the bankruptcy courts is para-

mount and exclusive, irrespective of whether its possession of the bankrupt's property is constructive or actual, and this jurisdiction can not properly be avoided or surrendered, although the court may consent to the determination of rights in another court, and may accept a State-court judgment in a proceeding as a liquidation of the party's claim." 8 C. J. S. 443, § 29. "The filing of a debtor's petition or answer seeking relief under this section shall subject the debtor and his property, wherever located, to the exclusive jurisdiction of the court in which the order approving the petition or answer as provided in subdivision (a) is filed, and this shall include property of the debtor in the possession of a trustee under a trust deed or a mortgage, or a receiver, custodian, or other officer of any court in a pending cause, irrespective of the date . . of the institution of such proceedings: *Provided,* that it shall not affect any proceeding in any court in which a final decree has been entered. In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been enterd on that day." 11 U. S. C. A. § 202 (m).

"Where a suit has been filed in a State court against one who is adjudicated a bankrupt, it is the better practice, pending the determination of his application for a discharge, to file in the State court a plea or motion suggesting the bankruptcy proceedings and asking a stay of the suit until the question of discharge has been finally determined in the bankruptcy court (*Adams* v. *McClendon, 30 Ga. App.* 559, 118 S. E. 497), and when the discharge is granted, then to plead it. But even if the suit is 'not stayed and a judgment is entered before discharge, the discharge may be availed of as a bar to further remedies on the judgment.' 1 Collier on Bankruptcy (13th ed.), 641. Such a bankrupt, after discharge, when the discharge is pleaded, 'is entitled to a perpetual stay of the execution on the judgment, although he did not before the rendition

of the judgment ask for a stay of the proceedings in the State court. If the discharge of the bankrupt had been granted before the judgment was rendered, the ruling would be otherwise.' *Strickland* v. *Brown,* 19 *Ga. App.* 73 (90 S. E. 1039)." *Portwood* v. *Shafer,* 33 *Ga. App.* 421 (126 S. E. 556). Thus, the defendant in error was proceeding at his peril in the State court, for if he obtained his judgment before the plaintiff in error obtained his discharge, and after such discharge, the plaintiff in error received a perpetual stay of the execution on the judgment, the judgment of the defendant in error would thereby become impotent. On the other hand, the plaintiff in error was acting at his peril by proceeding in the bankruptcy court without pleading in the State court the pendency of the bankruptcy proceedings, and without asking for a stay of the proceedings in the State court until the question of "discharge" or "no discharge" had been decided; for if the discharge was granted before the judgment in the State court, he would be bound by such judgment; for as has been said by Judge Bell in *Riggs* v. *Kinney,* 37 *Ga. App.* 307, 309 (140 S. E. 41), "Bankruptcy, to be relied upon as a defense, must not only be pleaded, but must be pleaded at the proper time, else the defense will be held to be waived, where no legal reason is shown to account for the neglect. 'There can scarcely be a doubt that bankruptcy as a defense may be waived; and no reason occurs to us why forbearing to present it at the proper time, and in a proper manner, should not be deemed a waiver.' *Laramore* v. *McKinzie,* 60 *Ga.* 532; *Shumate* v. *Ryan,* 127 *Ga.* 118, 119 (56 S. E. 103). Where a bankrupt, after discharge, suffers a judgment to go against him upon a debt properly provable in bankruptcy, he is bound by the judgment." 11 U. S. C. A. § 202 (j) declares: "Upon the confirmation of a composition the consideration shall be distributed as the court shall direct, and the case dismissed: *Provided,* that the debts having priority of payment under section 104, of this title, for bankrupt estates, shall have priority of payment in the same order as set forth in said section 104 under the provisions of this section in any distribution, assignment, composition, or settlement herein provided for. Upon the confirmation of an extension proposal the court may dismiss the proceeding or retain jurisdiction of the debtor and his property during the period of the extension in order to protect and preserve the estate and enforce the terms of the extension proposal."

The plaintiff in error wanted more time in which to pay his debt to the defendant in error. He thereupon, acting under 11 U. S. C. A. § 202, filed his petition asking for an extension of time in which to do so, and expressly stated in this petition that "it is understood that a 30-day acceleration clause is agreed to and should debtor fail to pay the monthly payment set out in this petition and order for confirmation for a period of 30 days that said creditors severally have the right and at their option to declare the balance due them upon their respective indebtedness due and payable at once and to institute suit against said debtor or any party to their respective contracts or against any security held by them in any court having jurisdiction thereof." He thus asked and prayed for an order or judgment of the bankruptcy court to this effect, and in this matter the referee in bankruptcy rendered a decision in his favor and entered up a judgment allowing an extension of time for the payment of the debt, but added that "in the event that the debtor fails to pay any creditor or creditors the payments set out in the schedule annexed hereto and made a part of this order of confirmation for a period of thirty (30) days from the date of maturity that said creditor or creditors severally have the right at their option to declare the balance due upon their respective indebtedness, or claim against debtor, or any other party to their contract or claim and to bring suit thereon in any court having jurisdiction thereof." This order of relinquishing jurisdiction on the proposal of extension does not, however, release the debtor and creditor affected thereby from the binding force of the "extension." 8 C. J. S., 1723, § 709. Thus it seems to us that the bankruptcy court, in any event by its order at least, in effect consented to the bringing of the suit in the State court for the determination of the rights of the parties. The judge of the municipal court of Atlanta did not err in overruling the demurrer of the plaintiff in error on the ground that the State court had no jurisdiction to try the case.

The plaintiff in error filed a petition in the bankruptcy court, and as a result thereof there was a judgment by the referee allowing the plaintiff in error more time in which to pay defendant in error's claims, and also allowing plaintiff in error an exemption. The plaintiff in error, at least, acquiesced in this judgment of the referee, for he obtained the judgment prayed for in his petition.

The defendant in error protested. Nevertheless, the referee entered a judgment giving the plaintiff in error the order of extension and exemption, but after the referee had so decided in favor of the plaintiff in error, defendant in error did not appeal from his decision, and later brought this present suit on this judgment of the referee. A judgment rendered by a Federal court "is not executory, so as to warrant the issue of final process, it constitutes a cause of action on which a suit may be maintained in a State court." 34 C. J. 1004. *Hartsfield Co.* v. *Stinson,* 51 *Ga. App.* 155 (179 S. E. 819). Both parties, in effect, seem to have agreed to abide by the judgment of the referee; thus the judgment constituted an adjudication binding on plaintiff in error. In re Davidson, 211 Fed. 687; 2 Freeman on Judgments, 1517 (1, 2). Under the particular facts in this case, it seems to us the plaintiff in error, having acquiesced in the judgment of the referee, which he himself sought and obtained over the protest of the defendant in error, renounced the right to plead that his original contract was void as being a violation of the ".blue-sky" law (Code, §§ 97-101, et seq.) ; for he had invoked this very contract in order to obtain the referee's judgment. Pollitz *v.* Schell, 30 Fed. 421. This was not a suit on the note, but a suit on the referee's judgment. "The debtor and the plaintiff creditor were bound by the extension [the judgment]." *Hartsfield Company* v. *Stinson,* supra.

In order for the referee to have adjudicated that he would extend the time of payment of the amount owed to the defendant in error by the plaintiff in error, he must have evidently arrived at the conclusion that there was a valid contract. *Kelly & Jones Co.* v. *Moore,* 128 *Ga.* 683, 686 (58 S. E. 181). The defendant in error having sued on this judgment of the referee, plaintiff in error is concluded from setting up that the contract was voidable and that he elected to declare it invalid under the "blue-sky" law, Code, § 97-101 et seq.; for the referee must have necessarily decided that it was a valid contract in order to support the very judgment which he rendered and which was prayed for in the petition of the plaintiff in error. The validity of the contract was a necessary premise for the judgment of the referee. 2 Freeman on Judgments, 1467, (4, 5) ; 34 C. J. 1161, § 1644.

The suit being brought on "money had and received" and on the referee's judgment, the plaintiff in error is concluded, at this late

date, from now raising the question of usury. The judgment of a referee on a contract implies adjudication, and conclusively establishes the validity of the contract and the sufficiency of the consideration for it, "even though it may have been based upon a gambling, usurious, or other immoral transaction. It is immaterial that no issue was raised to the validity of the contract." · 2 Freeman on Judgments, 896 (7, 8, 9, 10).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*