## 37648.   KENDRIX *v.* SUPERIOR EGG COMPANY, INC., *et al.*

TOWNSEND, Judge.   1.   A motion to dismiss the bill of exceptions in this court has been made on the grounds that certain pleadings filed in the trial court were not specified as material parts of the record in the bill of exceptions; that the plaintiff in error has not shown that the costs in the trial court were paid or filed a bond for the eventual condemnation money; that the plaintiff in error did not take proper action relative to the order of the referee in the Bankruptcy Court, and that the plaintiff in error did not properly attack the garnishment proceeding in the State courts.   None of these grounds would be cause for dismissal of the bill of exceptions in this case. As to the first, there is no motion for diminution of record by either party.   The second and third apparently refer to Code § 6-105 applying to appeals from inferior judicatories. The remaining grounds appear to go to the merits of the case. The motion to dismiss the bill of exceptions is denied.

2.   Superior Egg Company, Inc., obtained a consent judgment against Hazel Kendrix in the Civil Court of Fulton County on October 15, 1957, in the principal sum of $2,341.77 plus interest and attorney's fees, the same being a simple action on a promissory note in the same amount.   Within four months, on October 29, 1957, the judgment debtor filed a voluntary petition in bankruptcy in the United States District Court in which the judgment was duly scheduled, and she was discharged in bankruptcy on September 19, 1958.   Thereafter the judgment creditor filed an affidavit and bond in garnishment in the Civil Court of Fulton County against Kroger Stores, Inc., as garnishee and the latter paid into court the

sum of $416.96. The judgment debtor brought a money rule against the clerk of court praying for a rule nisi to show cause why the fund should not be paid over to her, and, on the hearing before the trial judge "based on the pleadings, response and judgment" in the original case, the judgment debtor's claim was denied. The court took into consideration the following order of the U. S. District Court, which he held had the effect of not granting a discharge in bankruptcy to the judgment debtor as against the objecting creditor: "order on hearing on objection to discharge. The objection to discharge filed by Superior Egg Company, Inc., having come on for hearing, and after hearing therein it appearing that the debt of the said objector creditor may be a debt not dischargeable in this proceeding, but this fact not having been determined now by this court, and it appearing further that the objection is not one which would be a bar to a general discharge of this bankrupt, it is hereupon considered and ordered that the objection of the Superior Egg Company, Inc., be and the same is hereby overruled and denied; provided, however, that the discharge of said bankrupt is without prejudice to the right of the Superior Egg Company, Inc., to have determined by proper tribunal the question of whether or not this debt is dischargeable or affected by this proceeding."

In so ruling the court erred for the reason that nothing appears in the record here to indicate that the judgment on the note case was not dischargeable for any reason. So long as the debt is dischargeable in bankruptcy and the creditor has notice of the proceedings, the debtor, after discharge, is entitled to a perpetual stay of execution of the judgment. Even though he does not file his petition for stay, he may plead and prove his discharge as a defense against any attempt to enforce a judgment founded on such debt and entered up within four months prior to the bankruptcy proceeding. *Portwood* v. *Shafer*, 33 *Ga. App.* 421 (1) (126 S. E. 556) ; *Peterson* v. *Calhoun*, 137 *Ga.* 799 (74 S. E. 519). A discharge protects the bankrupt only against those debts which are properly dischargeable in the proceedings and which do not come within the statutory exceptions. It does not protect him, for example, if the money represented by the note was obtained by fraud (*Brandt* v. *Klement*, 20 *Ga. App.* 664 (1), 93 S. E. 255), or if his liability resulted from a wilful and malicious injury. *Shabaz* v. *Henn*, 48 *Ga. App.* 441 (173 S. E. 249).

In the bankruptcy proceedings here, Superior Egg Company specifically objected to the discharge on grounds not shown by this record; the referee held merely that the objection would not prevent the discharge but would only go to the question of whether the objector's claim was dischargeable or not, and he left the determination of that issue to another forum. The referee apparently followed the practice approved in In Re Phillips, 298 F. 135, 137, where it was held: "In order to justify the refusal of a discharge, one of the causes for such refusal mentioned in section 14b must exist. If they do not, the issue of the effect of the discharge cannot properly arise or be considered in determining the right to a discharge. In Re Marshall Paper Co., 102 F. 872, 874, 43 C.C.A. 38 (C.C.A. 1). The granting of the discharge in no wise concludes the future determination as to whether the debt in question was included in it, and this question should properly be left for determination in the proper tribunal when the judgment is sought to be enforced. If the debt is dischargeable, the bankrupt is entitled to such discharge. If it is not dischargeable, no prejudice to the creditor results from postponing the determination of this question until it is raised in the ordinary way, by setting up the discharge as a bar to further proceedings to enforce the judgment." Here the defendant in error attempted to enforce the judgment by garnishment, and the plaintiff in error attempted to bar such enforcement by pleading her discharge in bankruptcy. It was then incumbent upon the defendant in error, in order to proceed, to prove that the discharge in bankruptcy did not, for some reason legally cognizable, include the judgment in question. It failed to do this, for all that it proved was that the referee had left the question as to whether the discharge would include this particular debt as one for future determination in whatever forum became the battlefield for the enforcement of the judgment based thereon. The defendant in error having failed to offer any reason whatever as to why the debt was not dischargeable, and it appearing on the face of the record here that it was a simple contractual liability, that judgment had been entered within the four-month period next prior to the filing of the bankruptcy proceedings, that the creditor had notice, and that the debtor was discharged, no reason appears why the enforcement of the judgment was not in fact barred by the discharge. Accordingly, the trial court erred in enter-

ing up judgment denying the claim and in effect dismissing the money rule.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 18, 1959.

R. E. *Llorens*, R. B. *Pullen*, for plaintiff in error.
C. M. *Seward*, contra.