37838. AIKEN *v.* BANK OF GEORGIA.

DECIDED JANUARY 5, 1960—REHEARING DENIED FEBRUARY 8, 1960.

*Clifford Oxford, Thomas M. Stubbs, Jr., P. H. Antonion,* for plaintiff in error.

*Houston White,* contra.

NICHOLS, Judge. ■ The action under consideration sounding in tort, the issue before this court as it was before the trial court on motion for judgment notwithstanding the verdict is not whether the bank, as against a proper defense by the judgment debtor, would be entitled to retain the proceeds of the bank account withdrawn by it from the debtor's account, but whether in acting as it did under the facts then existing it committed a legal wrong against the debtor by withdrawing the funds in question from the deposit. To decide this question involves a consideration of the purposes and procedures of the bankruptcy act. It is primarily, of course, a procedure for debtor relief, yet it has often been said that the discharge in bankruptcy is a shield and not a spear; it is a defense personal to the debtor which may be waived by him and which, if not properly insisted upon, is no bar to the collection of a debt. The discharge in bankruptcy in no wise extinguishes the debt; it merely makes collection of it

unenforceable if and when the debtor desires to take advantage thereof. It has in this regard frequently been deemed analogous to the statute of limitations in that it is is a personal defense which may be insisted on or waived at the election of the defendant. Howell v. Dowling, 52 Cal. App. 2d 487 (126 P. 2d 630) ; Personal Finance Co. of Chicago v. Silver, 327 Ill. App. 554 (64 N. E. 2d 398). Accordingly, the discharge in bankruptcy is not an automatic device for obliterating the debt, but it must be used in a proper manner by the debtor for his protection. A state court cannot take judicial notice of a discharge in bankruptcy. Boynton v. Bell, 121 U. S. 457 (7 S. Ct. 981, 30 L. Ed. 985) ; Woodward v. McDonald, 116 Ga. 748 (42 S. E. 1030) ; Crawford v. Bostwick-Goodell Co., 141 Ga. 356 (80 S. E. 1005). As to this tort action, accordingly, two issues suggest themselves: First, whether the bank may, after judgment, apply money on deposit with it which constitutes a debt by it to Aiken as a setoff against the judgment founded on such note, and secondly, whether, if it otherwise had the right at that time, the debtor had made proper use of the shield of his bankruptcy discharge to protect the fund from being so attacked.

■ At the time the setoff was sought to be exercised the debt had been reduced to judgment. This fact did not eliminate the right of the bank, obtained through contract by the express provisions of the note on which the judgment was founded, to set off funds with it against the matured claim. A creditor does not, by reducing a note to judgment, so merge the rights obtained by contract under the note and consistent with the judgment as to utterly destroy them. Ryder v. Clare & Co., 56 Ga. App. 671 (193 S. E. 603). "The judgment only changes the form of action for recovery. The incident of the old debt may be carried forward to prevent the inequitable destruction of a right, privilege or exemption." 50 C. J. S. 23, Judgments, § 599; Remington, Bankruptcy, Vol. 7, 5th ed., p. 799. Furthermore a bank has a lien regardless of contract on funds of the debtor in its possession insofar as the right to set off such sums against matured claims of it against the debtor is concerned. Bank of Lawrenceville v. Rockmore & Co., 129 Ga. 582, 587 (59 S. E. 291) ; W. C. Caye & Co. v. Milledgeville Banking Co., 91 Ga. App. 664 (86 S. E. 2d

717). Had there been no bankruptcy proceedings there could be no contention that the action of the bank was not right and proper.

■ A discharge in bankruptcy does not necessarily and in all events settle the status of the judgment debt. Whether such debt was dischargeable in bankruptcy or not, the debt is collectible so long as the debtor does not take advantage of his discharge in a proper manner. "Where a suit in a State court is brought before or after the filing of bankruptcy proceedings, bankruptcy, to be relied upon as a defense, must not only be pleaded, but must be pleaded at the proper time; else the defense will be held to be waived, where no legal reason is shown to account for the neglect." *Duncan* v. *Southern Savings Bank,* 59 *Ga. App.* 228 (200 S. E. 561). Before judgment in the State court, the discharge may be pleaded and proved; after judgment an affidavit of illegality may be filed against the levy of the execution. *Wofford Oil Co.* v. *Womack,* 46 *Ga. App.* 246 (167 S. E. 331); *Shabaz* v. *Henn,* 48 *Ga. App.* 441, 442 (173 S. E. 249). It is strenuously contended by the plaintiff in error here that the law of stay has no relation to this case for the reason that the bank did not seek to levy the judgment against the fund in its possession by means of court procedure, but used its contractual and/or common-law right of setoff, as to which no court was involved. What the plaintiff in error overlooks is that the defendant in error had a judgment in an action in a State court which in effect provided a forum in which the debtor might interpose his "shield" against the attack upon his fund, and it had an election as to whether to make the attack by employing the agencies of the court or by merely retaining possession of the fund which had been placed in its hands in order to satisfy the judgment. It naturally chose the simpler procedure; it retained the fund. Whether it could do so at that time or can do so now as against a proper defense is entirely aside from the question; it had a right to possess the fund for the purpose of setting it off against the judgment until the debtor took some affirmative action to either repossess it or to prevent the bank from retaining it. Under these circumstances it would be farcical to say that, had the bank chosen one alternative remedy from two at

hand, it would not have committed a tort, but because it chose the other and simpler method a tort was committed. It is also to be noted that some debts are not dischargeable in bankruptcy at all and that the bank contended in this case that this debt, having been procured by fraud, was not dischargeable. In such a case the discharge in bankruptcy "in no wise concludes the future determination as to whether the debt in question was included in it, and this question should properly be left for determination in the proper tribunal when the judgment is sought to be enforced," or when the judgment debtor seeks to recover the funds withdrawn by the bank from his account to pay the debt. In re Phillips, 298 F. 135, 137; *Kendrix v. Superior Egg Co.*, 99 *Ga. App.* 575 (109 S. E. 2d 59). The bank in this transaction contended that the money which the notes were given to secure was procured by fraud, and it had the right to have this issue tried out in a proper forum. (However, that question is not involved in the case sub judice). The duty was not on the bank, however, to establish such fact in the first instance; it might need never go into the matter and would only do so to defeat the debtor's claim of discharge in bankruptcy if and when the latter was urged against the collection of the judgment. Had there been a stay order in the Civil Court of Fulton County where the judgment had been obtained, the bank could not have collected the judgment entered up by that court. There being no such order, the bank could collect the judgment, and it could do so either by attempting to levy the judgment fi. fa. or attempting to set off the indebtedness of the debtor to it against such judgment unless and until the debtor took action to prevent it from so doing. State *v.* Citizens' State Bank of Ralston, 115 Neb. 593 (214 N. W. 6). The bank therefore committed no legal wrong against the debtor since the debtor's bank account, after the setoff was entered up, had insufficient funds left to honor the checks written against the account.

Accordingly, the trial court did not err in granting the motion for a judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., Townsend and Quillian, JJ., concur. Felton, C. J., and Carlisle, J., dissent.*

FELTON, Chief Judge, dissenting. The contention of the bank

in this case is that it had a legal right to set off the notes of Aiken against the deposit made after his adjudication as a bankrupt. The discharge operated against the notes and the judgment obtained thereon, all of which were listed in a bankruptcy proceeding. The bank argues that it was merely enforcing its judgment against the bankrupt by applying the amount of his subsequent deposit in satisfaction thereof and since no stay had been obtained against it in any court, it had a right to proceed in this manner. This argument assumes, of course, that the bankrupt who has failed to obtain an order from the State court staying execution of its judgment after his discharge is left without other remedy or defense, but this is simply not true. Regardless of whether or not he had obtained a stay, Aiken had a right to interpose his discharge as a defense to the collection of the judgment, although failure to plead it as such would constitute a waiver. *Riggs* v. *Kinney,* 37 *Ga. App.* 307, 309 (140 S. E. 41). Since this is true, the action of the bank has deprived Aiken of his lawful right to assert his discharge as a defense. Such circumvention of the law cannot be tolerated. The bank had no right to enforce its judgment by a private action which deprives the bankrupt of the opportunity to assert a defense to which he is legally entitled. Since the manner in which it proceeded to enforce its judgment was unlawful, the fact that no stay had been obtained against it is immaterial.

Still another reason exists why the bank could not enforce its judgment in this manner. It is admitted that the deposit against which the setoff was directed was not made until almost four months after the discharge in bankruptcy. "It is the general rule that an execution in personam founded on a debt provable in bankruptcy can not be enforced against property of the bankrupt acquired subsequently to his discharge." *Shabaz* v. *Henn,* 48 *Ga. App.* 441, 443 (173 S. E. 249). If an execution cannot be enforced against property acquired after discharge, there is all the more reason why such property should not be subjected to a mere private action seeking to accomplish the same purpose.

It is further contended that the right of setoff by the bank exists by operation of law and by express provision of the notes themselves. There is no merit in this contention because of the

effect of discharge in bankruptcy. While it is true that such discharge does not extinguish the debt, it renders it a mere moral obligation sufficient only to support the rendition of a judgment where discharge is not pleaded as a defense or to support a new promise to pay made in compliance with law. See Code § 3-902. A mere moral obligation is utterly insufficient to support the substantial contractual right which the bank has sought to assert. In addition, for the same reasons above stated, a right of setoff by operation of law or by provision of the discharged obligation cannot be enforced by a private action against deposits made by the bankrupt subsequently to his discharge.

The majority opinion presupposes that the bankruptcy proceedings have had no effect on the bank's right to setoff, but this is not the case. Once bankruptcy proceedings were begun, the right of setoff became subject to the provisions of Section 68 of the Bankruptcy Act (U. S. Code, Title 11, Ch. 7, § 108): "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid. . ." The Supreme Court has held that "this section is not self-executing, but its benefit is to be had upon the action of the District Court, only when it is properly invoked, and that court has the primary duty of determining for itself whether there are 'mutual debts or credits' that should be set off one against the other according to the true intent and meaning of the Bankruptcy Act." Cumberland Glass Mfg. Co. v. DeWitt & Co., 237 U. S. 447, 457 (35 S. Ct. 636, 59 L. Ed. 1042). It is further stated in the same opinion that setoff in bankruptcy proceedings is not automatically made between parties holding mutual credits. This precludes setoff by private action prior to discharge, and should have an even greater effect thereafter. The extent of a bank's right of setoff as to deposits is discussed in 4 Collier on Bankruptcy (14th Ed.) par. 68.16, page 772: "In keeping with the general theory permeating the Bankruptcy Act, the filing of the petition represents the time of cleavage, after which sums deposited with a bank may not be set off against the bankrupt's indebtedness to the bank. The bank may have a right of setoff as to the existing deposit balance when the petition

is filed, but such right does not extend to subsequent deposits, and they are recoverable by the trustee or receiver." If, therefore, the bank would have no right to set off deposits made by Aiken after the filing of his petition in bankruptcy and prior to his discharge, it certainly has no such right as to any subsequent deposits.

With regard to the question of stay, Section 11 of the Bankruptcy Act provides: "A suit which is founded upon a claim from which a discharge [in bankruptcy] would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjucation or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined." A comprehensive summary of the principles relating to the right of bankruptcy to obtain a stay before or after discharge is contained in *Wofford Oil Co.* v. *Womack,* 46 *Ga. App.* 246 (1) (167 S. E. 331): "The word 'suits,' as used in this section, is given a wide meaning, and embraces legal steps after judgment, including the levy of an execution. Collier on Bankruptcy (13th ed.), 401, § 11. While it has been held that where a suit has been filed in a State court against one who has been adjudicated a bankrupt, it is the better practice, pending the determination of his application for discharge, to file in the State court a plea or motion suggesting the bankruptcy proceedings and asking a stay of the suit until the question of discharge has been finally determined, still, even if the suit is not stayed but a judgment is entered before discharge, the discharge may be availed of as a bar to further proceedings on the judgment. *Portwood* v. *Shafer,* 33 *Ga. App.* 421 (126 S. E. 556). And after discharge, when the discharge is pleaded, a bankrupt 'is entitled to a perpetual stay of the execution on the judgment, although he did not before the rendition of the judgment ask for a stay of the proceedings in the State court. If the discharge of the bankrupt had been granted before the judgment was rendered, the rulings would be otherwise.' *Strickland* v. *Brown,* 19 *Ga. App.* 73 (90 S. E. 1039), and cit."

While a bankrupt is therefore entitled to a perpetual stay of execution after his discharge, he is not limited to this remedy in order to protect himself against unlawful enforcement of a discharged obligation. An alternative method is that stated in *Peterson* v. *Calhoun*, 137 *Ga.* 799 (74 S. E. 519): "An execution in personam founded on a debt provable in bankruptcy, where the plaintiff in fi. fa. had notice of the proceedings in bankruptcy, can not be enforced against property of a bankrupt acquired subsequently to his discharge; and an affidavit of illegality setting up this defense should not have been stricken." It is therefore apparent that even though Aiken had not obtained a stay in the State court he has a right to defend against the enforcement of the judgment by affidavit of illegality setting up his discharge in bankruptcy. The private action of the bank has deprived him of this right, and should not be condoned.

I am authorized to say that Carlisle, J., concurs in the foregoing dissent.